*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0241P (6th Cir.)
File Name: 01a0241p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

DAVID T. KRUMREI,
  *Defendant-Appellant.*

No. 99-2500

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-80943—Denise Page Hood, District Judge.

Argued: June 7, 2001

Decided and Filed: July 26, 2001

Before: KENNEDY, SILER, and CLAY, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** Andrew N. Wise, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. David J. Debold, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Andrew N. Wise, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Patricia G. Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————

**OPINION**

———————

KENNEDY, Circuit Judge.  Defendant-appellant Krumrei was indicted for violation of the Economic Espionage Act (EEA), 18 U.S.C. §1832(a)(2).  Defendant filed a motion to dismiss the indictment in the district court on the grounds that the provision of the Act defining a "trade secret" is unconstitutionally vague.  The district court denied defendant's motion to dismiss, and defendant pleaded guilty pursuant to a Rule 11 conditional plea agreement.  For the reasons stated below, we affirm the judgment of the district court and hold that the EEA is not unconstitutionally vague as applied to defendant.

**I.**

Defendant-appellant David Krumrei was indicted on one count of violating the EEA, 18 U.S.C. § 1832(a)(2), by knowingly and without authorization transmitting a trade secret to a competitor of the owner.  According to the facts stipulated to by both parties, the indictment arose from a meeting between defendant and Ken Taylor, a private investigator, in Hawaii on January 10, 1997 at which defendant conveyed information that was a trade secret of Wilsonart International, Inc. (Wilsonart).

In the mid-1990s, Wilsonart developed a new process for applying hard coatings to the laminate contact surfaces of caul plates.  Wilsonart contracted with a Michigan company, Vactec Coatings, Inc. (Vactec), to assist in research, development and testing of the new process. Vactec's owner, Robert Amis, in turn hired another Michigan company, Federal Industrial Services, Inc., to help prepare its planar magnetron sputter coating machine, a piece of equipment necessary for the testing process. Defendant Krumrei worked for Federal Industrial Services and helped Amis prepare the sputter coating machine.

THE COURT:  Proprietary to whom?
THE DEFENDANT:  Proprietary to Wilsonart. . . .
I then compiled a report and offered the same with information contained in the report for sale to an Australian corporation.  That information was trade secret.
THE COURT:  And you knew that it was a trade secret?
THE DEFENDANT:  Through the information that I had from Mr. Amos [sic], I should have known it was a trade secret, Your Honor.  I chose to ignore that fact.

. . .

THE COURT:  And this was done to benefit someone other that the owner of the trade secret?
THE DEFENDANT:  That is correct.

(J.A. 246-47.)  Thus, defendant admits that he knew the information was proprietary.  The stipulated facts submitted by the parties to the district court also indicate that defendant knew the information was proprietary but that he sought to sell the information anyway, in order to profit personally, at the expense of the true owner of the information. (J.A. 121-23.) Furthermore, we hold that defendant need not have been aware of the particular security measures taken by Wilsonart. Regardless of his knowledge of those specific measures, defendant knew that the information was proprietary. As the Pennsylvania district court held in *Hsu*, defendant cannot claim that the statute is vague when he clearly was aware that his actions fell well within the activity proscribed by the statute.  Thus, we affirm the ruling of the district court that the EEA is not unconstitutionally vague as applied to defendant.

**III.**

For the foregoing reasons, we affirm the district court's judgment denying defendant's motion to dismiss.

only other case to address a vagueness argument against the EEA, *United States v. Hsu*, 40 F. Supp. 2d 623 (E.D. Pa. 1999). There, the Pennsylvania district court explained that "a statute is not void for vagueness merely because it uses the word 'reasonable' or 'unreasonable.'" *Id.* at 628. Reviewing the particular facts of the case before it, the court held that:

> [A]s applied here, it is clear that [defendant] and his alleged co-conspirator . . . were told on several occassions . . . that the taxol technology in question was proprietary to BMS and Phyton, could not be acquired via a license or joint venture . . . and that they would have to "get [it] another way," namely through an allegedly corrupt . . . employee. . . . [Defendant] knew that BMS had taken many steps to keep its technology to itself, and therefore he will not be heard to quibble with the ductility of "reasonable measures" as applied to him in this case.

*Id.* Because the defendant knew that the information was proprietary and knew that his actions were illegal, the statute was constitutional as applied to him.

In the present case, the evidence shows that defendant Krumrei was aware that he was selling confidential information to which he had no claim. At defendant's guilty plea hearing, defendant made the following statements:

> THE DEFENDANT: . . .
> Subsequent to my employment with Robert Amos [sic] in the spring of 1995, I had chances to visit Mr. Amos [sic] and solicited information from Mr. Amos [sic] concerning the project that he was working on, on behalf of Wilsonart Corporation, a Texas Company.
> Through those conversations, I had the opportunity to glean information from Mr. Amos [sic] concerning the project that he was working on.
> From Mr. Amos's [sic] statements, it was clear to me that the information was proprietary in nature. I chose to ignore Mr. Amos's [sic] statements or the proprietariness of the information.

The parties stipulated to the relevant facts. (J.A. 121-23.) Wilsonart expended substantial money and efforts to ensure that its employees properly safeguarded Wilsonart's proprietary technology and business information. In addition, Robert Amis and Wilsonart entered into a verbal agreement regarding the need for absolute confidentiality with regard to the work being performed by Amis. That agreement was later put in writing. During his employment, defendant's only access to confidential information was through observation at the facility and any questions he asked of Amis. Amis informed defendant of the confidential nature of the work they were doing.

In early 1996, defendant contacted CSR Limited (CSR), a competitor of Wilsonart, and offered to act as a consultant to CSR in developing the Wilsonart coating process for use by CSR. CSR contacted Wilsonart and advised them of defendant's proposal. Wilsonart then began an investigation into any breach of their corporate security and hired Ken Taylor to approach defendant, posing as a representative of CSR. Discussions between Taylor and defendant followed, and defendant offered to sell the information to Taylor for $350,000. Ultimately the two met in Hawaii at a meeting monitored by the FBI, during which defendant disclosed the information about the Wilsonart process.

Following his indictment, defendant filed a motion to dismiss the indictment claiming that the definition of "trade secret" in the EEA is unconstitutionally vague. The district court denied defendant's motion to dismiss. Defendant ultimately pleaded guilty to the one count indictment, according to the terms of a Rule 11 conditional plea agreement. The plea agreement reserved defendant's right to appeal the district court's denial of his motion to dismiss. Defendant thus brings this appeal, alleging that the Economic Espionage Act is unconstitutionally vague. For the following reasons, we affirm the ruling of the district court and hold the statute constitutional as applied to defendant.

## II.

The constitutionality of a statute is a legal question which we review de novo. *United States v. Hill*, 167 F.3d 1055, 1063 (6th Cir. 1999). As this court has explained, "[t]he standard for vagueness in a criminal statute is if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement." *United States v. Avant*, 907 F.2d 623, 625 (6th Cir. 1990). Although a vagueness analysis in the context of first amendment rights may involve consideration of hypothetical facts not specifically before the court, "it is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citations omitted). Thus, defendant bears the burden of establishing that the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation. *Avant*, 907 F.2d at 625.

The relevant portion of the EEA, 18 U.S.C. § 1832, provides as follows:

(a) Whoever, with intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly–

. . .

(2) without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information;

. . .

shall, except as provided in subsection (b), be fined under this title or imprisoned for not more than 10 years, or both.

The term "trade secret" is defined in 18 U.S.C. § 1839(3) as follows:

(3) the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if–

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

Defendant specifically alleges that the term "reasonable measures" in § 1839(3)(A) is unconstitutionally vague and that, therefore, the EEA does not allow an individual in defendant's position to adequately assess what constitutes a "trade secret." In addition, defendant alleges that the lack of clarity as to what constitutes "reasonable measures" has the potential to lead to arbitrary and discriminatory enforcement of the EEA. At oral argument, defendant's counsel also argued that defendant had no notice of any of the security measures taken by Wilsonart and that, in effect, there was no factual basis for defendant's guilty plea. The government contends that, regardless of whether there exist conditions under which the language of the EEA could be considered vague, those conditions are not before the court at this time. Under the factual scenario before this court, the government argues, there is no question that defendant knew what he was doing was prohibited and that, therefore, the statute is not unconstitutionally vague as applied to defendant.

The district court agreed with the government and denied defendant's motion to dismiss. The district court relied on the