**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maurice D. SMITH, Defendant–**
**Appellant.**

**No. 00–5901.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before BOGGS and DAUGHTREY,
Circuit Judges; WEBER, District Judge.*

Maurice D. Smith appeals from his judgment of conviction and sentence. Neither party has requested oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Smith was indicted on one count of committing fraud to obtain federal employee compensation in violation of 18 U.S.C. § 1920. Smith moved the court to dismiss the indictment, arguing that his conduct did not violate § 1920 because he did not make a false statement under oath or affirmation. Over Smith's objections, the district court adopted the magistrate judge's report and recommendation, concluded that § 1920 did not require that the false statement be made under oath, and denied the motion to dismiss. Smith subsequently entered a conditional guilty plea to the count charged in the indictment. The district court sentenced Smith to one month of home detention and five years of

---

\* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

probation, and the court ordered Smith to pay restitution in the amount of $9,819.63. In this timely appeal, Smith argues that: 1) the district court improperly denied his motion to dismiss the indictment because he did not make a false statement under oath or affirmation; and 2) § 1920 is unconstitutionally vague.

Upon review, we conclude that the district court properly denied Smith's motion to dismiss. This court reviews de novo the district court's interpretation of § 1920. *See United States v. Thomas,* 211 F.3d 316, 319 (6th Cir.2000).

■ The district court properly determined that § 1920 does not require that a false statement be made under oath or affirmation. On May 3, 1998, Smith visited a local emergency room for treatment of a stye in his left eye. While being treated for the stye, Smith asked the physician to examine a bulge in his right groin area. The doctor diagnosed Smith as suffering from a hernia and advised him to make an appointment with his personal physician. Rather than visiting his doctor the next day, Smith, a postal employee, went to work. After working approximately three hours, he complained of pain in his right groin area as a result of lifting trays during the performance of his job. Smith was referred to Dr. Comer, a contract medical officer for the U.S. Postal Service. When questioned by Dr. Comer, Smith denied having suffered from this condition previously. Smith specifically did not reveal that he had been diagnosed with a hernia the previous night at the emergency room. Smith subsequently was awarded worker's compensation benefits. He now acknowledges that his statements to Dr. Comer were not truthful.

Despite his admission that he lied to Dr. Comer, Smith argues that his statement did not violate 18 U.S.C. § 1920. That statute provides, in relevant part, that "[w]hoever knowingly and willfully falsi-fies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation ... in connection with the application for or receipt of [federal] compensation or other benefit or payment ... shall be guilty of perjury[.]" Noting that the statute uses the term "perjury," Smith argues that, at the common-law, this term included the requirement that the statement be made under oath or affirmation. He asserts that this requirement should be included in § 1920 and, since his statement was not made under oath or affirmation, he did not violate the statute.

■ Smith's argument is without merit. Although a presumption exists that Congress incorporates a term's common-law meaning unless otherwise dictated by the statute, *United States v. Wells,* 519 U.S. 482, 491, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), it does not follow that any term with an element of a common-law crime carries with it every other aspect of that crime when the term is used in a statute. *Id.* at 491 n. 10, 117 S.Ct. 921. While Smith argues that the common-law rule of perjury should govern, the Supreme Court has stated that Congress does not intend to impose such restrictions *sub silentio,* and the rule on imputing common-law meaning to statutory terms does not sweep so broadly. *Id.*

Section 1920 does not require that the statement be made under oath or affirmation. No such requirement is set forth in the explicit language of the statute. While the term "perjury" is used, § 1920 clearly is defining that term for purposes of the statute, rather than implying any common-law element into the crime. Support for this conclusion is found in the general perjury statute, 18 U.S.C. § 1621. This statute explicitly requires that the statement be made under oath for criminal liability. Since courts are to assume that Congress

intended each of its terms to have meaning and should hesitate to treat statutory terms as surplusage, *Bailey v. United States*, 516 U.S. 137, 145, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), reading an oath requirement into a statute such as § 1920 where the term does not exist would make surplusage of Congress's use of that requirement in other statutes, such as § 1621. *See United States v. Nash*, 175 F.3d 429, 434 (6th Cir.1999).

Further support is found in 18 U.S.C. § 1001. Congress amended § 1920 in 1994, and the statute now closely resembles § 1001 as both prohibit falsifying, concealing, or covering up a material fact and making a false statement. Consequently, the reasoning in cases under § 1001 logically applies to cases under the present version of § 1920. *United States v. Henry*, 164 F.3d 1304, 1308 n. 2 (10th Cir. 1999); *United States v. Fitzgerald*, 147 F.3d 1101, 1103 n. 1 (9th Cir.1998). This court has repeatedly upheld convictions under § 1001, although the statements at issue were not made under oath or affirmation. *See United States v. Rogers*, 118 F.3d 466, 472 (6th Cir.1997); *United States v. LeMaster*, 54 F.3d 1224, 1229 (6th Cir. 1995); *United States v. Duranseau*, 19 F.3d 1117, 1122 (6th Cir.1994).

Smith's void-for-vagueness argument is also without merit. This court reviews de novo the legal question whether a criminal statute is unconstitutionally vague. *United States v. Hill*, 167 F.3d 1055, 1063 (6th Cir.1999). The statute is not unconstitutionally vague if ordinary people can understand it and avoid the prohibited conduct. *Id.* The underlying principle of the void-for-vagueness doctrine is that an individual shall not be held criminally responsible for conduct which could not reasonably be understood as proscribed. *Id.* The statute must be specific enough to give reasonable and fair notice in order to warn

people to avoid conduct with criminal consequences. *Id.*

Section 1920 is not unconstitutionally vague. The plain language of the statute clearly prohibits making a false statement in order to obtain a federal benefit. A fair reading of the statute would have notified Smith that his statement to Dr. Corner was illegal.

Accordingly, this court affirms the district court's judgment.