**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0010n.06
Filed: January 7, 2008

**No. 06-3802**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| J. TIMOTHY HALTER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

**SILER, Circuit Judge.** Defendant J. Timothy Halter was convicted on one count of possession of sexually explicit visual depictions of minors in violation of 18 U.S.C. § 2252(a)(4)(B). Halter appeals, arguing, inter alia, that the statute under which he was convicted violates his First Amendment right to free speech, that the verdict was based on insufficient evidence, and that testimony from government witnesses violated his Confrontation Clause rights. Because none of Halter's myriad arguments has any merit, we affirm.

**BACKGROUND**

Halter was president and part owner of Arrow Industrial Supply Inc., a business operating in Westerville, Ohio. In 1999, police executed a search warrant for Halter's office and seized a computer and related materials. Officers found 50 images and two movies containing sexual

depictions of minors in the seized materials. Witnesses identified all of the children depicted in the 50 images and determined that each original photograph was taken outside of Ohio. A jury convicted Halter of one count of possession of one or more sexually explicit visual depictions of minors in violation of 18 U.S.C. § 2252(a)(4)(B).

**ANALYSIS**

*Constitutional Issues*

Halter claims that the district court should have dismissed the indictment against him because 18 U.S.C. § 2252 violates his First Amendment right to free speech. He argues that 18 U.S.C. § 2252 relies on the term "child pornography," as defined in 18 U.S.C. § 2256(8), and that the application of this term was ruled unconstitutional in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). The use of the term "child pornography" that he challenges appears in 18 U.S.C. § 2252A. Therefore, his argument based on *Free Speech Coalition* fails because he was charged with and convicted of possessing explicit images of real children under § 2252(a)(4)(B), not simulated children or persons falsely represented to be children under § 2252A.

Halter next claims that the term "knowingly" in § 2252(a)(4)(B) is unconstitutionally vague and overbroad. His arguments fail again. First, a statute is void for vagueness if it does not give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *United States v. Krumei*, 258 F.3d 535, 537 (6th Cir. 2001). The meaning of the term "knowingly" is well-settled. *Bryan v. United States*, 524 U.S. 184, 193 (1998) (stating "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense"). Section 2252(a)(4)(B) provides adequate notice to people of ordinary

intelligence about the conduct it proscribes, namely, knowingly possessing sexually explicit images of actual children.

Second, the overbreadth doctrine prohibits the government from proscribing a "substantial" amount of constitutionally protected speech judged in relation to the statute's plainly legitimate sweep. *Virginia v. Hicks*, 539 U.S. 113, 118-119 (2003). Halter's argument that § 2252(a)(4)(B) is overbroad because it chills persons who seek to exercise their right under *Free Speech Coalition* to view simulated child pornography has no merit. A statute is not invalid simply because some impermissible applications are conceivable. *New York v. Ferber*, 458 U.S. 747, 772 (1982) (concluding that a New York statute prohibiting possession of child pornography was not overbroad). In *Ferber*, the Supreme Court upheld against an overbreadth challenge a statute criminalizing possession of child pornography even though it may have reached some protected expression, such as medical textbooks and artistic works. *Id*. at 773. The Court upheld the statute because it "seriously doubt[ed] . . . that these arguably impermissible applications of the statute amount to more than a tiny fraction of the materials within the statute's reach." *Id*.

Here, analogizing to *Ferber*, any arguably impermissible applications of the statute to citizens who view simulated child pornography amount to no more than a tiny fraction of the materials within the statute's reach. *United States v. Adams*, 343 F.3d 1024, 1034-35 (9th Cir. 2003) (holding that *Ferber* foreclosed the defendant's argument that the definition of sexually explicit conduct used by § 2252(a)(4)(B) is overbroad because it could reach "simulated" sexual conduct). Furthermore, in *Free Speech Coalition*, the Supreme Court expressed doubt that images of actual children and simulated children were indistinguishable.

If virtual images were identical to illegal child pornography, the illegal images would be driven from the market by the indistinguishable substitutes. Few pornographers would risk prosecution by abusing real children if fictional, computerized images would suffice.

535 U.S. at 254. Section 2252(a)(4)(B) is not unconstitutionally vague or overbroad.

***Sufficiency of the Evidence***

Halter next claims that there is insufficient evidence to support his conviction. When reviewing a sufficiency of the evidence claim, we determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Drawing all inferences in favor of the prosecution, there is sufficient evidence to support Halter's conviction. First, a rational jury could have found beyond a reasonable doubt that Halter knowingly possessed the images. The images were found on a computer in Halter's office. Information recovered from the computer showed that he was sending and receiving emails from his work account at the same time he was participating in an internet chat room devoted to exchanging sexually explicit images of children.

Second, a rational jury could have found beyond a reasonable doubt that the images depicted real children and were transported in interstate or foreign commerce. A jury can distinguish sexually explicit images of actual children from images of simulated children. *United States v. Farrelly*, 389 F.3d 649, 655 (6th Cir. 2004), *superseded on other grounds*, Sentencing Commission deletion of USSG § 2G2.4*, as stated in United States v. Williams*, 411 F.3d 675, 678 n.1 (6th Cir. 2005). Witnesses identified all of the victims as real children based on their investigations into the

production of the originals. The birth certificates of the victims proved that they were under 18 years of age when the images were taken. All of the images listed in the indictment were originally taken outside of Ohio and traveled via the internet to reach Halter.

Finally, a rational jury could have found beyond a reasonable doubt that Halter knew the images involved the use of an actual minor engaging in sexually explicit conduct. The images depicted very young children. He visited internet chat rooms with names clearly indicating that the purpose of the chat rooms was to exchange sexually explicit images of real children. His internet activities never revealed an interest in images of simulated children or adults posing as children.

*Evidentiary Issues*

Halter argues that the government's authentication testimony violated the hearsay rule. Because he did not object on hearsay grounds at trial, we review the district court's decision to admit the alleged hearsay testimony for plain error. Fed. R. Crim. P. 52(b). Halter claims in very general terms that testimony by government witnesses relating to people, objects, and locations depicted in the original images constituted hearsay because those witnesses were not present when the originals were taken. This argument is meritless. Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). The government witnesses testified in court based on their personal knowledge of what was depicted in the images. Most of the witnesses met the victims while conducting their respective investigations. They personally observed the people, objects, and locations featured in the images. Therefore, the district court did not commit plain error by admitting the testimony.

Halter next argues that testimony by the four identification witnesses at trial violated his rights under the Confrontation Clause. Testimonial out-of-court statements by a witness are barred

- 5 -

under the Confrontation Clause, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). He argues that the identification witnesses offered a variety of *Crawford*-violating statements, such as "the subject confessed," when testifying about their investigations regarding the production of the originals. We review Confrontation Clause issues de novo. *United States v. Robinson*, 389 F.3d 582, 592 (6th Cir. 2004).

Halter's counsel elicited most of the alleged *Crawford*-violating statements about which he now complains when conducting cross-examination of government witnesses. Halter cannot complain that *Crawford* bars statements that his own counsel elicited. Halter points to one *Crawford*-violating statement that the United States elicited. When asked how he knew that the image depicted an actual victim, a law enforcement officer testified that "the subject confessed." However, Confrontation Clause violations are subject to harmless error review. *United States v. Powers*, 500 F.3d 500, 505-06 (6th Cir. 2007). A Confrontation Clause error is harmless only if the government presented other evidence sufficient to show guilt beyond a reasonable doubt. *Id*. at 510.

Even without this *Crawford*-violating statement, the United States proved beyond a reasonable doubt that the victim was a real person under the age of 18. The law enforcement officer interviewed the victim twice, and he was able to identify her as a real person by her facial features. The victim's birth certificate showed that she was under the age of 18 when the image was taken, and she was still under the age of 18 when Halter was arrested in 1999. Therefore, the United States proved beyond a reasonable doubt that the victim depicted in the image was a real person under the age of 18 without the *Crawford*-violating statement.

Halter argues that the district court erred by admitting evidence of uncharged conduct pursuant to Rule 404(b), such as emails expressing his interest in taking nude photographs of minors and chat logs relating to exchanging sexually explicit images of children. However, he failed to develop this argument through meaningful legal analysis or citation to the record.[1] This failure means he has waived the evidentiary issues on appeal. Fed. R. App. P. 28(a)(9)(A); *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004).

***Interstate Commerce and Jurisdiction***

Halter argues that the district court erred by refusing to grant his motion to dismiss for lack of jurisdiction. His motion asserted that the district court lacked jurisdiction over this case because his activities constituted mere intrastate possession of images, not interstate commerce. His argument has no merit. Under 18 U.S.C. § 2252(a)(4)(B), federal jurisdiction is established by showing that the image traveled in interstate or foreign commerce or that it was produced by materials that have traveled in interstate commerce. The statute is facially constitutional. *United States v. Corp*, 236 F.3d 325, 332 (6th Cir. 2001).

The statute is constitutional as applied to Halter. In *Corp*, the 23-year-old defendant took photos of his 17-year-old girlfriend engaging in consensual sexual activity and never transmitted the images. *Id*. at 326. We sustained an as-applied challenge because the production of the photographic paper in Germany did not substantially affect interstate or foreign commerce. *Id*. at 332. Here, the United States instead relied exclusively on the images traveled as a jurisdictional basis. The jury instructions included as an element of the crime "that the visual depiction had been

_____

[1] His brief does little more than list the evidence that the district court admitted under Rule 404(b) and state that it should not have been admitted.

- 7 -

mailed, shipped, or transported in interstate or foreign commerce. . . ." Testimony revealed that the images came from other states and countries. Because all of the images traveled in interstate commerce to reach Halter, we deny his as-applied challenge.

***Jury Instructions***

Halter argues that the district court improperly instructed the jury on interstate commerce and improperly refused his proposed jury instruction. We review a district court's choice of jury instructions for abuse of discretion. *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir.), *cert. denied*, 534 U.S. 895 (2001). A trial court abuses its discretion only if the charge fails accurately to reflect the law. *Id.* The district court judge instructed the jury that it could convict only if it found beyond a reasonable doubt

> that the visual depiction had been mailed, shipped, or transported in interstate
> or foreign commerce, by any means including computer.

The jury instructions clearly stated that the "thing" that must have traveled in interstate commerce is the visual depiction. This instruction is clear and it accurately reflects the law. *See* 18 U.S.C. § 2252(a)(4)(B) (stating "video tapes, or other matter which contain any visual depiction" must be shipped in interstate commerce). The district court did not abuse its discretion by refusing Halter's proposed jury instructions, which would have misled the jury by precluding it from considering circumstantial evidence on the interstate commerce element.

***Other Arguments***

Halter argues that the lack of specificity in the indictment deprived him of his due process rights because it did not state whether the images he possessed met the definition of "child pornography" under 18 U.S.C. § 2256(8)(A) or § 2256(8)(C). He then proceeds to attack §

2256(8)(C) as unconstitutional, primarily by rehashing his unsuccessful First Amendment argument and relying on *Free Speech Coalition*. His argument fails again because the statute under which he was convicted, 18 U.S.C. § 2252(a)(4)(B), is constitutional and he was convicted of possessing images of actual children, not simulated children or persons falsely represented to be children.

Halter argues that the district court erred by denying his motion to dismiss the indictment, which the district court treated as a Rule 29 motion. The jury returned the guilty verdict on November 18, 2005, and he filed the motion on December 29, 2005. Absent an extension from the court, a Rule 29 motion must be filed within seven days of a guilty verdict or plea. Fed. R. Crim. P. 29(c)(1). Therefore, the district court properly denied his motion as untimely.

Finally, Halter argues that cumulative errors deprived him of his right to due process. However, because he cannot establish any actual error, other than harmless *Crawford* error, his cumulative error argument fails.

AFFIRMED.