**UNITED STATES of America, Plaintiff,**

v.

**Scott A. BERRINGER, Defendant.**

**Case No. 1:08CR00279.**

United States District Court, N.D. Ohio, Eastern Division.

Oct. 22, 2008.

---

Michael A. Sullivan, Office of the U.S. Attorney, Cleveland, OH, for Plaintiff.

Daniel W. Taylor, Cleveland, OH, for Defendant.

MEMORANDUM OPINION
AND ORDER

SARA LIOI, District Judge.

This matter comes before the Court on the motion in limine (Doc. No 15) filed by defendant Scott A. Berringer ("Berringer" or "Defendant"). Defendant's motion is directed toward alleged evidence of pornographic images of children found on Defendant's computer and other electronic storage media. Plaintiff United States of America (the "Government" or "Plaintiff") filed a response in opposition to the motion. (Doc. No. 16.)

## I. Factual and Procedural Background

Berringer was charged in a single count indictment with receiving child pornography in violation of 18 U.S.C. § 2252(A)(a)(2). Berringer moved for an order in limine precluding the Government from introducing into evidence digital images of alleged child pornography found on Berringer's computer and other electronic media found in his home. In a rambling and generally incoherent brief, Berringer claims entitlement to such an order on grounds that the Government must authenticate the evidence at issue prior to presenting it at trial and, according to Berringer, its only means of doing so is through inadmissible hearsay testimony. Berringer apparently contends that as part of authenticating its evidence, the Government must conclusively establish, prior to trial, that the photographic images it intends to offer actually depict children. According to Berringer, because the Government cannot authenticate the images it intends to introduce, it should be barred from presenting the evidence at trial.

In response, the Government argues that Berringer's motion rests upon a fundamental misconception of what is required to authenticate evidence and runs counter to controlling Sixth Circuit authority.

## II. Law and Analysis

Berringer's arguments regarding what he frames as an issue of authentication appear to be based on a combination of two related predicates: (1) that the Government must prove, as a threshold matter of evidentiary authentication, that the images it intends to introduce as evidence against him in fact depict real minors; and (2) that the Government's witnesses lack personal knowledge as to whether the images depict real minors, and therefore any testimony in this regard would be hearsay.

Combining these two points, Berringer argues that the Government's consequent inability to authenticate its evidence entitles him to an order barring its introduction.

■ As a condition precedent to the admissibility of evidence, its proponent must satisfy the requirement of authentication or identification, which it does by presenting evidence "sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901. "To establish authenticity, the proponent need not rule out 'all possibilities inconsistent with authenticity, or ... prove beyond any doubt that the evidence is what it purports to be. Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood.'" *United States v. Alicea–Cardoza,* 132 F.3d 1, 4 (1st Cir. 1997) (quoting *United States v. Holmquist,* 36 F.3d 154, 168 (1st Cir.1994)). "This requirement is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Pluta,* 176 F.3d 43, 49 (2d Cir.1999) (internal quotation and citations omitted).

■ Berringer's first point, that the Government must authenticate images of child pornography it intends to offer into evidence by proving beforehand that they depict real children derives from the Supreme Court's decision in *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). In *Free Speech Coalition,* the Supreme Court struck down portions of the Child Pornography Prevention Act of 1996 as unconstitutionally overbroad in violation of the First Amendment. The affected portions of the statute, sections 2256(8)(B) and (D), proscribed "a range of sexually explicit images, sometimes called 'virtual child pornography,' that appear to depict minors but were produced by means other than using real children, such as through the use of youthful-looking adults or computer-

imaging technology." 535 U.S. at 241, 122 S.Ct. 1389. The Supreme Court reasoned that, in contrast to real child pornography, "[v]irtual child pornography is not 'intrinsically related' to the sexual abuse of children [...]" *Id.* at 250, 122 S.Ct. 1389. Accordingly, the Supreme Court declared that portion of the statute unconstitutionally overbroad because it criminalized images where children were not exploited, thus impermissibly "suppress[ing] lawful speech as the means to suppress unlawful speech." *Id.* at 255, 122 S.Ct. 1389. Based upon *Free Speech Coalition,* Berringer maintains that since virtual child pornography cannot sustain the charge in the indictment, the Government must, as a prerequisite to admissibility, authenticate the images it intends to use as evidence by proving that they show real children.

The Sixth Circuit has addressed the evidentiary import of *Free Speech Coalition* and, in doing so, expressly repudiated the position Berringer now advances. In *United States v. Sheldon,* the Sixth Circuit rejected the appellant's contention that the district court abused its discretion in denying his motion in limine (premised upon *Free Speech Coalition*) seeking an order barring the government "from introducing any visual depictions of minors who had not been identified as 'real' minors." 223 Fed.Appx. 478, 482 (6th Cir.2007). The court in *Sheldon* held that

nothing in [*Free Speech Coalition*] requires the government to *pre*-screen or *pre*-authenticate, child pornographic images to make sure that they are indeed real. Instead, as we held in *United States v. Farrelly,* the government is generally allowed to present the images, and then must simply put on proof that they depict real, and not virtual, children.

*Id.* at 483 (citing *United States v. Farrelly,* 389 F.3d 649, 653 (6th Cir.2004), *superseded on other grounds as stated in United*

*States v. Williams,* 411 F.3d 675, 678 n. 1 (6th Cir.2005)).

In *Farrelly,* relied upon heavily in *Sheldon,* the appellant presented a sufficiency of the evidence challenge to his conviction on one count of receiving child pornography, arguing that under *Free Speech Coalition,* the government was required to present proof that the images depicted real, not virtual, children. 389 F.3d at 653. The Sixth Circuit rejected this challenge, finding that the government had provided sufficient evidence that the images were of real children where the jury was given access to the photographs, "the defense never challenged the reality of the children [ . . . ]" and "the jury was clearly instructed that it had to find that the images were of real children." *Id.* The court in *Farrelly* concluded that "[t]he question of whether the images are virtual or real is one of fact, to be determined by evidence about which argument can be made to the jury." *Id.* at 654. The court reinforced this conclusion by accepting the reasoning of three other circuits, all of which "rejected the argument that the Government must meet a higher evidentiary burden than before *Free Speech Coalition.*" *Id.* at 654–55 (citing *United States v. Kimler,* 335 F.3d 1132, 1140–42 (10th Cir.2003); *United States v. Deaton,* 328 F.3d 454, 455 (8th Cir.2003); *United States v. Slanina,* 359 F.3d 356, 357 (5th Cir.2004)) (per curiam).

In light of these precedents, Berringer's contention that the Government must first establish prior to trial that the images actually depict minors is erroneous. Rather, the Government is free to introduce such evidence at trial, and it is up to the jury to decide what the images show (e.g., whether the subjects are actual minors, "virtual," computer-generated minors, or adults that look like minors). "A jury can distinguish sexually explicit images of actual children from images of simulated children." *United States v. Halter,* 259 Fed.Appx. 738, 741 (6th Cir.2008) (citing *Farrelly,* 389 F.3d at 655). None of the authorities suggest that the issue is properly viewed as a question of evidentiary authentication appropriately resolved on a motion in limine.[1] Indeed, the Ninth Circuit has expressly held that the issue relates not to authentication, but "is more properly considered a challenge to the sufficiency of the evidence." *United States v. Salcido,* 506 F.3d 729, 733 (9th Cir.2007) (citations omitted).

In light of the Sixth Circuit precedents, Berringer's second argument—that the Government's witnesses lack personal knowledge regarding the creation of the images on Berringer's computer and, therefore, cannot authenticate such evidence—is a non-issue. As explained, the Government does not have to authenticate its evidence by establishing preliminarily that the individuals depicted in the photographs are, in fact, minors. That is a question for a jury to decide. *Farrelly,* 389 F.3d at 654. Accordingly, whether the Government could establish that the images show real children without the use of hearsay testimony is irrelevant.

The Government's ultimate ability to establish that the images depict actual children is not an issue of evidence authentication, but one going directly to the Government's burden of proof.[2] Thus, the

---

1. The issue might be different if Berringer claimed to have evidence conclusively showing that the alleged child pornography did not involve children. Berringer makes no such claim.

2. Even if the question of whether or not the images show real children is viewed properly as an authentication issue, under Sixth Circuit law, the jury must decide that issue by viewing the images themselves. *Sheldon,* 223 Fed.Appx. at 483. The courts clearly have reposed their confidence in juries' ability to make this determination. *Id.; see also Halter,* 259 Fed.Appx. at 741. Consistent with this framework, the Sixth Circuit has found that

authentication requirement of Rule 901 applies to this case in essentially the same way it does to any similar item of evidence in any type of case. The Government must introduce sufficient proof so that a reasonable juror could conclude that that the evidence is what the Government says it is—here, digital images found on computers and/or other electronic storage media found at Berringer's home. To authenticate such evidence, the Government simply must offer testimony establishing that the images were found on computers taken from Berringer's residence. This, the Government can (and presumably will) do by offering the testimony of a witness who was present and observed the procedure by which the evidence was obtained from Berringer's computers. *See United States v. Whitaker*, 127 F.3d 595, 601 (7th Cir.1997) (rejecting appellant's contention that the government failed to authenticate computer records where government presented testimony of FBI agent who was present when records were retrieved). Such evidence would not be hearsay. Berringer does not so much as suggest that the Government's witnesses somehow lack personal knowledge of these matters or otherwise are incompetent to testify in this regard. Accordingly, the Court finds no basis to support a finding that the Government's evidence cannot be authenticated.

## III. Conclusion

For the reasons explained herein, the Court finds Berringer's arguments devoid

of merit. His motion in limine is, therefore, **DENIED.**

**IT IS SO ORDERED.**

---

introduction of the images into evidence, coupled with an instruction to the jury that it must find that the images depict real children, is sufficient to sustain a conviction for receipt of child pornography. *Farrelly*, 389 F.3d at 653.