NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0615n.06

No. 12-3551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 01, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| NANCY A. HURLEY, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |

Before: MERRITT, CLAY, and DONALD, Circuit Judges.

**Bernice B. Donald, Circuit Judge.** Nancy Hurley appeals her conviction for fraud or making a false statement regarding receipt of federal employee benefits on grounds that the criminal statute, as applied to her, is unconstitutionally vague because an ordinary person would not have been on notice that Form EN1032 required her to report her income from an illegal prescription drug conspiracy. We conclude that, by instructing federal benefits recipients to report income from involvement in business enterprises, Form EN1032 sufficiently put Hurley on notice that she was required to report her illegal income. Accordingly, we **AFFIRM** Hurley's conviction.

**I.**

Nancy Hurley, a former employee of the United States Postal Service, received two work-related injuries—one in 1995 and a second when she briefly returned to work in 2005. She began receiving benefits under the Federal Employee Compensation Act in 1995. During part of the time that she received workers' compensation benefits, from January to September 2007, Hurley had another source of income. Through her involvement in a conspiracy to obtain fraudulent prescriptions and sell prescription drugs—a crime for which she pleaded guilty—Hurley made over $20,000 in profit. Yet she never reported this income to the Department of Labor ("DOL").

The DOL requires federal workers' compensation benefits recipients to annually complete Form EN1032, which the DOL then uses to calculate benefits. The form requests information on, *inter alia*, the recipient's "employment" with an employer, "self-employment," or involvement in or work with a "business enterprise," and income for each. Although the form does not expressly specify that proceeds from illegal drug activities fall under any of the three categories, it does include short explanations of each term.

Form EN1032, as well as a letter the DOL sends with it, warns recipients about the importance of accurately reporting income. The letter explains that a false answer or an omission may be grounds for civil liability and that a fraudulent answer may result in criminal prosecution. The "employment" section of the form states that there may be severe penalties for failing to report all work activities. At the bottom of Form EN1032 is a signature line beneath a statement that says one who fraudulently "fails to report income . . . may be subject to criminal prosecution." The letter

invites recipients with questions to call the district office, although it is admittedly unclear whether a recipient could get through to a person by calling that number.

On each of the four forms Hurley completed during the relevant time period, she reported that she did not work for an employer, was not self-employed or involved in any business enterprise, and did not receive any income from any employment or business enterprise. Because she did not report her income from the prescription drug conspiracy, she was indicted for "knowingly and willfully" making a materially false, fictitious, and fraudulent statement in connection with the receipt of federal workers compensation benefits in violation of 18 U.S.C. § 1920.

Hurley's main defense at her bench trial was that she did not believe she was employed or self-employed when she filled out Form EN1032 and that she did not believe that the form asked for income from illegal activities. She testified that she did not intentionally omit information regarding the prescription drug conspiracy. Hurley twice moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing, *inter alia*, that Form EN1032 was too vague to put her on notice that she was obligated to report proceeds from illegal activities and that, therefore, the evidence was insufficient to prove that she knowingly and willfully made a false or fraudulent statement. The government, relying on the testimony of a DOL employee, responded that "regardless of legal or illegal income is income" and that it was sufficiently clear that the form required benefits recipients to report *all* self-employment income. The district court denied the Rule 29 motion, concluding that Hurley made false and fraudulent statements knowingly and willfully and "not because of mistake or other reason."

The court found Hurley guilty and sentenced her to two years probation plus $9,516.29 in restitution. Hurley timely appeals her conviction.

**II.**

Hurley claims on appeal that the district court erred by denying her Rule 29 motion for acquittal. Normally, "[a] Rule 29 motion is a challenge to the sufficiency of the evidence." *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (internal quotations omitted). Underlying Hurley's Rule 29 claim, both before us and below, however, is her claim that the conviction violates her due process rights because Form EN1032 was too vague to put her on notice that she was required to report income from illegal drug activities. While Hurley's counsel made a procedural error by raising what is effectively a constitutional claim in the context of a Rule 29 motion, we construe this appeal as raising both a void-for-vagueness claim and a claim that the government presented insufficient evidence to prove her intent. *See, e.g., United States v. Kernell*, 667 F.3d 746, 750, 756 (6th Cir. 2012) (addressing overlapping void-for-vagueness claim and sufficiency of the evidence claim based on the criminal intent element).

**A. Void-For-Vagueness Claim**

We review de novo the constitutionality of a statute. *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001). A criminal offense statute is unconstitutionally vague "if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement." *Id.* (internal quotations omitted). Hurley does not claim that the

convicting statute, 18 U.S.C. § 1920, is facially vague, but that it is vague as applied to her because Form EN1032 would not put an ordinary person on notice that she must report income from illegal activities. Therefore, we must consider whether the statute and form, in combination, would explain to an ordinary person that failing to report income from illegal drug activities is prohibited conduct.[1] Hurley bears the burden of establishing vagueness. *Krumrei*, 258 F.3d at 527.

Under the convicting statute, it is a crime to "knowingly and willfully . . . make[] a false, fictitious, or fraudulent statement or representation . . . in connection with the application for or receipt of compensation or other benefit or payment" under the federal worker's compensation program. 18 U.S.C. § 1920. Hurley completed Form EN1032 "in connection with" her receipt of benefits, and both the form and the accompanying letter sufficiently put her on notice that an omission of required information would constitute fraud under § 1920.[2] The question we must

---

[1]The government is incorrect in supposing that the void-for-vagueness doctrine is inapplicable to Hurley's claim because Form EN1032's contents are fact-based questions. "[I]t is well established that vagueness challenges which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Krumrei*, 258 F.3d at 537 (quoting *United States v. Powell*, 423 U.S. 87, 92 (1975)) (internal quotations omitted).

[2]The letter warns, "A FALSE OR EVASIVE ANSWER TO ANY QUESTION, OR THE OMISSION OF AN ANSWER, MAY BE GROUNDS FOR FORFEITING YOUR COMPENSATION BENEFITS AND SUBJECT YOU TO CIVIL LIABILITY. A FRAUDULENT ANSWER MAY RESULT IN CRIMINAL PROSECUTION." The "employment" section of the form reads, "SEVERE PENALTIES MAY BE APPLIED FOR FAILURE TO REPORT ALL WORK ACTIVITIES THOROUGHLY AND COMPLETELY." At the bottom of Form EN1032, a recipient must sign her name beneath a statement that says, "I know that anyone who fraudulently conceals or fails to report income or other information which would have an effect on benefits, or who makes a false statement or misrepresentation of a material fact . . . may be subject to criminal prosecution." While the letter distinguishes between an omission that is false, which may be grounds for a civil penalty, and a fraudulent answer, which may be grounds for criminal prosecution, the

answer, then, is whether Form EN1032 would put an ordinary person on notice of what information is required—e.g. income from illegal drug activities.

Form EN1032 includes a section entitled "Part A--Employment," with the following instructions:

> **Report ALL employment for which you received a salary, wages, income, sales commissions, piecework, or *payment of any kind*.** Such employment includes services with the military forces of the United States, including the National Guard, Reserve component, or other affiliates.
>
> **Report ALL self-employment or involvement in business enterprises.** These include but are not limited to: farming; sales work; operating a business, including a store or a restaurant; and providing services in exchange for money, goods, and other services. The kinds of services which you must report include such activities as carpentry, mechanical work, painting, contracting, child care, odd jobs, etc. Report activities such as keeping books and records, or managing and/or overseeing a business of any kind, including a family business. Even if your activities were part-time or intermittent, you must report them.
>
> **Report as your "rate of pay" what you were paid.** . . .
>
> **Report ANY work or ownership interest in any business enterprise,** even if the business lost money or if profits or income were reinvested or paid to others. If you performed any duties in any business enterprise for which you were not paid, you must show as rate of pay what it would have cost the employer or organization to hire someone to perform the work or duties you did, even if your work was for yourself or a family member or relative. You need not list ownership in any publicly traded business.

The form then asks three questions: "1. Did you work for any employer during the past 15 months?";

"2. Were you self-employed or involved in any business enterprise in the past 15 months?"; and "3.

statute and other warnings in combination are certainly sufficient to notify an ordinary person that omitting required information is criminal conduct.

If you answered 'No' to both questions 1 and 2, state whether you were unemployed for all periods during the past 15 months." Questions 1 and 2 have sub-parts requesting information on dates, rate of pay, and actual earnings. No other possible question or section could be viewed as requesting information on income from illegal drug activities.

Hurley argues that these statements would not put an ordinary person on notice that she must report income from illegal drug activities because there is no definition of "employment," "self-employment," or "business enterprise." While the "employment" category asks for information on "payment of any kind," this is limited to things that count as employment, and it does not expressly suggest that this includes illegal activities. As for the meaning of "self-employment or involvement in business enterprises," she notes that the form only lists examples, all of which are legal activities: farming, sales, operating a store or a restaurant, and providing services in exchange for money or goods, carpentry, mechanical work, painting, contracting, child care, odd jobs, record keeping, managing or overseeing a "business of any kind," "etc." This non-exhaustive list, Hurley argues, is naturally construed to include only items of a like kind— in this case, legal activities.

To some degree, Hurley has a point. If we were interpreting the list of examples in isolation, we would use the interpretive canon *ejusdem generis*. *See*, *e.g.*, *Sossamon v. Texas*, 131 S. Ct. 1651, 1662 (2011) (noting that courts should construe general terms following non-exhaustive lists to include only objects of a similar kind); *see also United States v. Brown*, 536 F.2d 117, 121 (6th Cir. 1976). However, we need not interpret the list of examples in isolation because Form EN1032 names three broad categories of required information: "employment," "self-employment," and

involvement in or work for a "business enterprise." *See*, *e.g.*, *United States v. Douglas*, 634 F.3d 852, 858 (6th Cir. 2011) (interpreting a criminal statute beginning with the plain language, which "should also be the ending point if the plain meaning of that language is clear" (internal quotations omitted)). The question we must answer, then, is whether an ordinary person would understand these terms to include Hurley's illegal prescription drug conspiracy.

The dictionary definitions of "employ" include "to provide with a job that pays wages or salary" or "to use or engage the services of." Merriam-Webster Collegiate Dictionary (11th ed. 2003), *available at* www.merriam-webster.com/dictionary/employing. In the context of the instructions that a recipient must "[r]eport all employment for which you received a salary, wages, income, sales commissions, piecework, or payment of any kind," the term "employment" clearly includes a job that pays wages or salary, but it is less clear whether it includes the other definition of merely having one's services engaged. It is equally unclear whether an illegal drug conspiracy could involve having one's services "engaged." We fare no better with the term "self-employment" because it is could mean only self-employment in the traditional sense where one receives wages or salary paid by oneself. These terms are ambiguous at best for our purposes.

However, the term "business enterprise" is quite different. A "business" means "a usually commercial or mercantile activity engaged in as a means of livelihood," "a commercial or sometimes an industrial enterprise," or "dealings or transactions especially of an economic nature." Merriam-Webster Collegiate Dictionary (11th ed. 2003), *available at* www.merriam-webster.com/dictionary/business. An "enterprise" is a "unit of economic organization

- 8 -

or activity" or a "systematic purposeful activity." Merriam-Webster Collegiate Dictionary (11th ed. 2003), *available at* www.merriam-webster.com/dictionary/enterprise. Hurley's illegal drug activity was an ongoing conspiracy, lasting for nine months, in which she repeatedly obtained fraudulent prescriptions in her own name or the names of others and made over $20,000 in profit. It would be quite a stretch to say that this is not a business enterprise in the most commonly understood sense. We regularly refer to drug dealing enterprises as a "business" without so much as an explanation. *E.g.*, *United States v. Tyler*, 271 F. App'x 505, 514 (6th Cir. 2008) (referring to the defendant's "lucrative business of drug-dealing"); *United States v. Nanez*, 168 F. App'x 72, 74 (6th Cir. 2006) (describing the defendant's plans to get his "drug dealing business" off the ground). Form EN1032 puts an ordinary person on notice that she must report income from illegal drug activities, at least in Hurley's case, by asking about involvement in or work for a business enterprise and about income from such enterprise.

Hurley argues that if the DOL intended to request information on proceeds from illegal activities, then Form EN1032 should have simply listed "illegal activities" among the examples of things that must be reported. In fact, the Internal Revenue Service ("IRS") has done just that by publishing reports stating that "[i]ncome from illegal activities, such as money from dealing illegal drugs, must be included as income." Dep't of the Treasury, Tax Guide 2012, at 94 (2012), *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf; *e.g.*, 26 C.F.R. § 1.952-1(a)(4) (listing illegal kickbacks as income to a foreign corporation). While we have no doubt that the DOL could improve its forms

in one way or another, the current version of Form EN1032 is not unconstitutionally vague as applied to Hurley without such an express statement.

Hurley also argues that failures to report proceeds from illegal drug activity on Form EN1032 are arbitrarily enforced under 18 U.S.C. § 1920 because the DOL has complete discretion to determine whether income in certain categories must be reported. As evidence, she points to the trial testimony of DOL employee David Cattani who noted that, although the forms do not expressly specify that illegal activity fits within one of the categories listed, the DOL expects people to report all income regardless of whether it came from an illegal activity. Mr. Cattani also testified that proceeds from gambling or money obtained from the sale of personal property may count as income from employment or self-employment, depending on the scope of the activity.

If the statute is subject to arbitrary enforcement, it would be independent grounds for holding that the statute is void-for-vagueness. *See Krumrei*, 258 F.3d at 537. However, we have no such concerns here. The DOL is not the body that determines whether a failure to report particular information subjects a person to criminal liability. That is the province of the courts. Additionally, the issue is not whether the statute as applied to Form EN1032 could *ever* be subject to arbitrary enforcement, but whether it is subject to arbitrary enforcement as applied to a failure to report income from Hurley's illegal drug conspiracy. Form EN1032 is sufficiently clear on that point.

**B. Sufficiency of the Evidence Claim**

To the extent that we construe Hurley's appeal of the denial of her Rule 29 motion as a claim that the government presented insufficient evidence that she knowingly and willfully made a false or fraudulent statement,[3] we review the denial of the motion de novo. *United States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008). However, we "affirm[] the decision if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. (internal quotations omitted).

"An act is done 'knowingly and willfully' if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason." Sixth Circuit Criminal Pattern Jury Instruction 13.01(2)(C) (2011) (instructions regarding fraud under 18 U.S.C. § 1001(a)(1)); *United States v. Smith*, 27 F. App'x 292, 294 (6th Cir. 2001) (noting that the language in 18 U.S.C. § 1920 closely resembles the language in 18 U.S.C. § 1001). To satisfy this element, Hurley only needed to know that her statements—such as checking "no" next to the question asking if she had been involved in any business enterprises—was false. Sixth Circuit Criminal Pattern Jury Instruction 13.01(2)(C), cmt. (2)(C). Hurley herself testified that she did not know that Form EN1032 required this information, but we construe credibility determinations in favor of the factfinder. *United States v. Washington*, 702 F.3d 886, 891 (6th Cir. 2012). The question we must answer is again one of

---

[3]To support a verdict that Hurley was guilty of making a false statement or fraud regarding receipt of federal employee benefits under 18 U.S.C. § 1920, the government had to provide sufficient evidence that Hurley 1) knowingly and willfully 2) made a statement that was false or fraudulent 3) that was material, and that 4) the statement was made in connection with the application for or receipt of federal worker's compensation benefits. *United States v. Waldren*, 431 F. App'x 374, 376 (6th Cir. 2011). The only element even potentially at issue here is the *mens rea* element.

notice—could a reasonable factfinder conclude that Hurley knew that Form EN1032 required her to list information and income from illegal drug activities.

In *United States v. Moore*, we said that the question of whether a person is on notice of a particular requirement in Form EN1032 is not a "technical" one, but "a reflection of moral uprightness, fundamental honesty, fair play and right dealing in the general and business life of members of society." 29 F. App'x 222, 225 (6th Cir. 2002) (internal quotations omitted) (citing *United States v. Van Dyke*, 605 F.2d 220, 225 (6th Cir. 1979) (addressing whether a benefits recipient violated the statute by failing to report volunteer work). If a person of ordinary prudence would read the form to mean that a particular thing must be reported, then the form itself can be sufficient evidence of the defendant's knowing mental state. *Id*.

Once again, we find ourselves looking to how an ordinary person would interpret the terms "employment," "self-employment," and "business enterprise." And again, we conclude that an ordinary person would understand "business enterprise" to include a prescription drug conspiracy in which Hurley earned over $20,000 in profit. Hurley's sufficiency claim is even weaker than her constitutional claim because even if we considered Form EN1032 to be ambiguous, the standard of review requires that we view the evidence in the light most favorable to the government. A reasonable factfinder could certainly conclude that Form EN1032 put Hurley on notice that she must report income from illegal drug activities such that she would have knowledge that failure to report it amounts to a false statement. The district court did not err in denying Hurley's Rule 29 motion.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Hurley's Rule 29 motion and we affirm Hurley's conviction for fraud or making a false statement regarding receipt of federal employee compensation benefits.