NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0590n.06

Case No. 20-3192

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 16, 2020 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| MARGARET TEMPONERAS, | ) | THE SOUTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) | |
|  | ) | |

BEFORE: SUTTON, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge. Doctor Margaret Temponeras was in the business of prescribing pain medication. She prescribed too much, too often, with too little regard for the consequences. That was illegal, and she was convicted of violating federal law. We affirm.

Temponeras owned and operated a pain-management medical practice. Many aspects of her work raised eyebrows. She prescribed unusually high volumes of addictive painkillers. Her patients paid mostly in cash. Some traveled long distances every month to see her. Some had track marks on their arms and other signs of drug addiction. When local pharmacies stopped filling her prescriptions, she pressed forward with her own in-house dispensary. Her suspect practices led to tragic consequences: In less than three years, eight of her patients died from drug overdoses.

Temponeras pled guilty to conspiring to distribute a controlled substance outside the usual course of professional practice. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; 21 C.F.R.

§ 1306.04(a). In the plea agreement, the parties stipulated to a sentence of 36 to 84 months in prison, significantly less than the applicable Guidelines range of 210 to 240 months. The district court accepted the plea agreement and sentenced Temponeras to 84 months. This appeal followed.

Temponeras provides three reasons we should vacate her sentence. The first is that her conviction is based on an unconstitutionally vague law. The other two focus on alleged misconduct by the government at sentencing. She raised none of these objections before the district court, so our review is for plain error. Fed. R. Crim. P. 52(b). But under any standard of review, we would reach the same result.

*Vagueness*. The Controlled Substances Act criminalizes the "[un]authorized" distribution or dispensing of controlled substances. 21 U.S.C. § 841(a)(1). When a doctor prescribes medication "for a legitimate medical purpose . . . in the usual course of [her] professional practice," her actions are authorized. 21 C.F.R. § 1306.04(a); *see* 21 U.S.C. § 829. Otherwise, she violates the Act. 21 U.S.C. § 841(a).

Temponeras says that this standard—a legitimate medical purpose in the usual course of professional practice—is unconstitutionally vague as applied to her. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010). But Temponeras admitted that she was "aware of a high probability" that her prescription practices were neither for a legitimate medical purpose nor part of the usual course of professional practice; indeed she "deliberately closed her eyes" to the "obvious." R. 89, Pg. ID 664–65. So she cannot now claim that the law was too vague for her to "understand what [was] prohibited." *United States v. Krumrei*, 258 F.3d 535, 537, 539 (6th Cir. 2001) (citation omitted).

*Prosecutorial Misconduct*. At Temponeras's sentencing hearing, the government introduced five exhibits not mentioned in its sentencing memorandum. Temponeras believes that

this last-minute introduction violated Rule 32's regulation of sentencing proceedings and the district court's scheduling order. *See* Fed. R. Crim. P. 32(i). Though she failed to object before the district court, she asserts now that the violation was so egregious that it constituted prosecutorial misconduct.

One problem with her theory is that a claim of prosecutorial misconduct requires prejudice. *United States v. Coker*, 514 F.3d 562, 568 (6th Cir. 2008). Temponeras claims she was left flat-footed and unprepared to respond to the new exhibits. But the district court expressly disavowed reliance on these materials. Indeed, other than to state it was "not focused on the[m]," the court never acknowledged their existence or contents. R. 107, Pg. ID 791. So the alleged violation left Temponeras no worse off than she was before.

*Breach of the Plea Agreement.* Finally, Temponeras contends that the government "flagrant[ly]" breached the terms of the plea agreement by "instruct[ing] the district court" that the agreement precluded consideration of certain mitigating factors. Appellant Br. 22. But the government said no such thing; it explained its belief that no mitigating factors warranted an even greater variance from the Guidelines than the agreement already generously provided. R. 107, Pg. ID 789–90. Nothing in the plea agreement prohibited this argument. *See* R. 89, Pg. ID 658–62.

We affirm.