**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold Leon McGHEE, Defendant–Appellant.**

No. 95–6323.

United States Court of Appeals, Sixth Circuit.

Argued May 2, 1996.

Decided June 26, 1996.

Cam Towers Jones, Asst. U.S. Attorney (argued and briefed), Office of the U.S. Atty., Memphis, TN, for Plaintiff-Appellee.

April R. Ferguson (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for Defendant-Appellant.

Before: MARTIN and SILER, Circuit Judges; HOOD, District Judge.*

HOOD, District Judge.

Harold Leon McGhee [McGhee] was convicted on fifteen counts of mail fraud and making false statements in violation of 18 U.S.C. § 1342 and 18 U.S.C. § 1001.[1] He was found guilty of defrauding and making false statements to Affordable/Omnicare, which is a Managed Care Organization participating in TennCare. The state of Tennessee created TennCare as a substitute for the Medicaid program. TennCare is subsidized by the federal government.

On appeal, McGhee raises four issues for consideration. He argues that: (1) the district court's jury instruction improperly removed an essential element of the false statements charge from the jury's consideration; (2) that there was insufficient evidence to support his conviction; (3) that the district court erred by enhancing his sentence for more than minimal planning in the scheme to defraud; and (4) that the district court erred in determining that restitution be based upon the full amount of loss to the victim rather than gain to McGhee.

■ The only issue which merits discussion is whether the trial court committed plain error by failing to submit the question of materiality to the jury. We will include those facts necessary for proper resolution of the issue.

The elements of 18 U.S.C. § 1001 are: "(1) the defendant made a statement; (2) that [was] false or fraudulent; (3) and material; (4) made knowingly and willfully; (5) and within the jurisdiction of a federal agency."[2] *United States v. Chandler,* 752 F.2d 1148,

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. Subsequent to the jury trial, the United states moved to dismiss Counts 7, 8 and 9 of the indictment. McGhee was sentenced to 14 months incarceration on 12 counts, with all sentences to run concurrently.

2. Noting that there is a conflict among the circuits on the issue, Chief Justice Rehnquist writes that "whether 'materiality' is indeed an element of every offense under 18 U.S.C. § 1001 is not at all obvious from the text." *United States v. Gaudin,* —— U.S. ——, ——, 115 S.Ct. 2310, 2320, 132 L.Ed.2d 444 (1995).

1150 (6th Cir.1985) (citation omitted). The district court, without objection, specifically instructed the jury in pertinent part:

.... In order to prove the defendant guilty of the crime charged in Counts 10 through 17, the government must establish beyond a reasonable doubt the following five elements:

First, on or about the date specified, the defendant used a writing or document;

Two, the writing or document contained a false or fictitious or fraudulent statement or entry;

Three, that the statement was material;

Four, the defendant knew that the writing or document contained false or fictitious or fraudulent statement or entry, and unlawfully, knowingly and willfully used said writing or document; and,

Five, the document or writing was used in a matter within the jurisdiction of a department or agency of the United States or federal funds were involved.

The first element that the government must prove, beyond a reasonable doubt is that the defendant used a writing or document. In this regard, the government need not prove that the defendant personally prepared the writing or document. It is sufficient to satisfy this element if you find that he caused the writing or document charged in the indictment to be used.

A statement, representation, or entry is false or fictitious if it is untrue when made, and known at the time to be untrue by the person who is causing it to be made.

The materiality of the fact allegedly falsified, concealed or covered up is not a matter with which you are concerned, but rather for the Court to decide. You are instructed that the address of the Tenn-Care applicant is a material fact.

▮ In *United States v. Gaudin*, —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the Supreme Court held that where materiality is an element of an offense, the Constitution gives the defendant a right to have that element submitted to the jury. *Id.* at ——,

115 S.Ct. at 2320. Thus, there is no question but that the district court below erred in failing to submit the question of materiality to the jury. Yet, unlike the defendants in *Gaudin* and *United States v. Mentz*, 840 F.2d 315, 324 (6th Cir.1988), McGhee did not object to the jury charge or the district court's determination of materiality until this appeal. Consequently, the narrow question is whether the district court's failure to submit the issue of materiality to the jury was "plain error." *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1237 (6th Cir.1992) ("Because appellants did not object as required by Rule 51, the jury verdict can be reversed only if there was plain error in the jury instructions."); *accord United States v. Allen*, 76 F.3d 1348, 1367 (5th Cir.1996) (holding that "plain error" review applied because defendants failed to raise materiality argument in the trial court).

▮ Under the plain error analysis, this Court must consider whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[3] *United States v. Olano*, 507 U.S. 725, 730–731, 113 S.Ct. 1770, 1775–1776, 123 L.Ed.2d 508 (1993). Moreover, this Court has the duty to consider "not what the effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand." *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993).

The First and Fifth Circuits have addressed the narrow question now before this Court. In *United States v. Lopez*, 71 F.3d 954, 959 (1st Cir.1995), the court reasoned that "[i]n all events, our best guess is that the Supreme Court would regard an omitted element reversible error per se if there was a timely objection—although not automatically 'plain error' if no objection occurred...." *Id.* The court stressed that a timely objection was important to the vacation of the defendant's conviction. *Id.* The court in *United States v. Allen*, 76 F.3d 1348, 1367 (5th Cir.1996), employed the same reasoning,

---

**3.** In *Olano,* the court noted that to affect "substantial rights," the error "must have been prejudicial." *Id.*

finding that the defrauded "entities would not have engaged in the transactions underlying the indictment had they known the truth", and thus that "[i]t was perhaps for these reasons that the defendants never mentioned materiality to the district court."

McGhee did not manifest his perception of error in the instructions by objection. Indeed, the element may have been one that he consciously chose not to contest. In any event, the district court's instructions in their entirety required the jury to consider the facts underlying materiality.

In *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Supreme Court considered a jury instruction which charged: "[a]ll homicides are presumed to be malicious in the absence of evidence which would rebut the implied presumption" and that "if the State has proven beyond a reasonable doubt that a killing has occurred, then it is presumed that the killing was done maliciously." *Id.* at 574, 106 S.Ct. at 3104. The Court held that the impermissible shift of burden created by the court's instruction was not an error equivalent to a directed verdict for the state, reasoning that "since when a jury is instructed to presume malice from the predicate facts, it still must find the existence of those facts beyond a reasonable doubt." *Id.* at 580, 106 S.Ct. at 3107.

McGhee was employed by the Shelby County Correction Center [Correction Center] and as marketing representative by Affordable/Omnicare. McGhee solicited applicants for the TennCare program from the inmate population at the Correction Center. McGhee instructed the inmate applicants to list an address different from that of the institution. McGhee offered Affordable/Omnicare the applications for processing. He was paid for each application submitted.

Prison inmates are expressly excluded from eligibility in the TennCare program as their medical needs are met by the state for the duration of their incarceration. Evidence was presented that McGhee knew that the applications would be rejected if an institutional address was reflected.

Although the jury was instructed to consider the address of TennCare "material," the jury had to find the existence of predicate facts beyond a reasonable doubt. First, the jury had to decide whether the government proved that the applicants were in fact lodged at the Correctional Center at the time the applications were made. Also, the government had to prove that the addresses listed on the applications were other than that of the Correctional Center. Otherwise, the statements of address would not have been false.

Second, when the jury decided that McGhee possessed the intent to make false statements, it had to infer such purpose from the fact that the statements had a natural tendency to influence, or was capable of influencing, TennCare's decision to process the application.[4] *See, Lopez*, 71 F.3d at 961. This result is compelling because there was no evidence, other than McGhee's testimony, of any other purpose for falsifying the addresses on the application other than to influence Tenncare's decision to process the application.

There was evidence that McGhee was aware that applications reflecting an institutional address would not be processed. The jury heard that McGhee had expressly asked questions regarding inmate eligibility and had been told not to solicit inmate applicants. This is an adequate showing both that the evidence of materiality was compelling and that other evidence of purpose was thin.[5]

The effect of the trial court's failure to instruct the jury to determine the materiality of the allegedly false statements was harmless. The omission did not seriously affect the fairness or integrity of McGhee's trial, or

---

4. This Circuit has held that materiality is demonstrated where the false statement "had a natural tendency to influence, or was capable of influencing the decision" of the agency. *Chandler*, 752 F.2d at 1151.

5. McGhee testified that he advised the inmates to place their home addresses on the applications so that they could receive health care once released from prison. However, it is undisputed that McGhee asked Dwight Needham, who was a recreational counselor at the Correction Center, to refer inmates for enrollment. McGhee did not limit his request to those inmates who had only a short time remaining to be served.

the public reputation of judicial proceedings, as the jury necessarily considered facts predicate to the finding of materiality in reaching its verdict.

Accordingly, the convictions and sentences imposed under all counts are AFFIRMED.