**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harold Leon McGHEE, Defendant–
Appellant.**

No. 95–6323.

United States Court of Appeals,
Sixth Circuit.

July 15, 1997.

Cam Towers Jones, Asst. U.S. Atty., Memphis, TN, for Plaintiff–Appellee.

April R. Ferguson, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before: MARTIN, Chief Judge; SILER, Circuit Judge; HOOD, District Judge.*

## OPINION

HOOD, District Judge.

Harold Leon McGhee [McGhee] was convicted on fifteen counts of mail fraud and making false statements in violation of 18 U.S.C. § 1342 and 18 U.S.C. § 1001.[1] He was found guilty of defrauding and making false statements to Affordable/Omnicare, which is a Managed Care Organization participating in TennCare. The state of Tennessee created TennCare as a substitute for the Medicaid program. TennCare is subsidized by the federal government.

On appeal, McGhee raised four issues for consideration. The only issue which merited discussion was whether the trial court committed plain error by failing to submit the question of materiality to the jury.

In its earlier decision, this panel followed the analysis set forth in *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and held that the trial court's failure to instruct the jury to determine the materiality of the allegedly false statements was harmless, concluding that the omission did not seriously affect the fairness or the integrity of McGhee's trial, or the public reputation of judicial proceedings as the jury necessarily considered facts predicate to the finding of materiality in reaching its verdict. *United States v. McGhee,* 87 F.3d 184, 187 (6th Cir.1996), *reh'g en banc granted and judgment vacated,* 95 F.3d 1335 (6th Cir.1996). While the matter was awaiting the rehearing *en banc,* the Supreme Court elected to hear the same issue in *Johnson v. United States,* —— U.S. ——, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and thus the *en banc* court held this case in abeyance, awaiting a decision in *Johnson.* The *en banc* court has now remanded the matter to the original panel for reconsideration in light of the decision in *Johnson.*

The issue presented in *Johnson* parallels that presented here. Joyce B. Johnson was charged with knowingly making a false material declaration under oath before a grand jury in violation of 18 U.S.C. § 1623. She did not object when the trial judge, in accordance with Eleventh Circuit precedent (which agreed with that of the Sixth Circuit), instructed the jury that materiality was a question for him to decide. Before her appeal was heard, the Supreme Court decided *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), which requires that the question of the materiality of an allegedly false statement, if materiality is an element of the offense charged, *compare United States v. Wells,* —— U.S. ——, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), must

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. Subsequent to the jury trial, the United States moved to dismiss Counts 7, 8 and 9 of the indictment. McGhee was sentenced to 14 months incarceration on 12 counts, with all sentences to run concurrently.

be submitted to the jury. On appeal, the Eleventh Circuit affirmed Johnson's conviction pursuant to Fed.R.Crim.P. 52(b) using the plain error analysis set forth in *Olano*. It determined that, assuming the district court's failure to submit the issue of materiality to the jury was plain error, such error did not affect the substantial rights of the defendant in light of the overwhelming evidence of materiality that had been presented. *See Johnson*, —— U.S. at ——–——, 117 S.Ct. at 1547–48.

In its opinion, the Supreme Court affirmed the circuit court's application of Rule 52(b), saying that "the seriousness of the error claimed does not remove consideration of it from the ambit of the Federal Rules of Criminal Procedure." *Id.* at ——, 117 S.Ct. at 1548. The Court then went on to apply Rule 52(b) as outlined in the test established by *Olano*. "Under that test, before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' [Citation omitted.] If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* at ——–——, 117 S.Ct. at 1548–49 (quoting *Olano*, 507 U.S. at 732, 113 S.Ct. at 1776).

Because Johnson's appeal, like McGhee's, was still on direct review, the Court applied *Gaudin* retroactively as required by *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), and, thus, satisfied the first prong of *Olano*. As for the second prong, the Court decided that "in a case such as this—where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration." *Johnson*, —— U.S. at ——, 117 S.Ct. at 1549. This analysis under the first two prongs of the *Olano* test is as applicable to McGhee as it was to *Johnson*.

Analysis under the third prong was not as straightforward. The petitioner in Johnson argued that the trial court's failure to submit the question of materiality to the jury was a "structural error" that seriously affected Johnson's substantial rights, thus satisfying the third prong of the *Olano* test. The Court found it unnecessary to decide whether the specific error complained of fits within the limited class of cases considered structural errors (although hinting broadly that it did not) "because, even assuming that the failure to submit materiality to the jury 'affec[ted] substantial rights,' it does not meet the final requirement of *Olano*." *Id.* at ——, 117 S.Ct. at 1550. The record before the Court showed that the evidence supporting a finding of materiality was "overwhelming" and that "[m]ateriality was essentially uncontroverted at trial and has remained so on appeal." *Ibid.; United States v. Rogers*, 118 F.3d 466 (6th Cir.1997). Thus, there was no basis for concluding that the error complained of seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Ibid.*

Although this panel did not discuss the plain error analysis of *Olano* prong-by-prong in the vacated decision and judgment of *McGhee*, it did focus on the same fourth prong upon which the Supreme Court based its decision in *Johnson*. We concluded that "the effect of the trial court's failure to instruct the jury to determine the materiality of the allegedly false statements was harmless. The omission did not seriously affect the fairness or integrity of McGhee's trial, or the public reputation of judicial proceedings, as the jury necessarily considered facts predicate to the finding of materiality in reaching its verdict." *McGhee*, 87 F.3d at 187–88. Significantly—and similarly to the defendant in *Johnson*—McGhee does not argue that the false statements made by him were **not** material.

As was the case in *Johnson*,

[o]n this record there is no basis for concluding that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Indeed, it would be the reversal of a conviction such as this which would have that effect. "Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public

ʰo ridicule it." R. Traynor, The Riddle of Harmless Error 50 (1970).

*Johnson,* —— U.S. at ——, 117 S.Ct. at 1550.

Accordingly, as no "miscarriage of justice" will result here if we do not notice the error, the judgment of the district court is **AF-FIRMED**.