**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Phillip R. MOORE, Defendant–
Appellant.**

No. 01–3218.

United States Court of Appeals,
Sixth Circuit.

Jan. 17, 2002.

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

NELSON, Circuit Judge.

This is a criminal case in which a jury found the defendant guilty on both counts of a two-count indictment charging him with mail fraud, a violation of 18 U.S.C. § 1341, and with making false statements to receive federal employee compensation, a violation of 18 U.S.C. § 1920. Challenging the sufficiency of the evidence against him, the defendant contends on appeal that the district court erred in denying a motion for acquittal. We conclude that the evidence was sufficient to support the jury's verdict, and we shall affirm the conviction.

I

The defendant, Phillip Moore, sustained a back injury in 1969 while employed by the U.S. Postal Service. By reason of this injury, Mr. Moore began receiving monthly disability benefits under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101, *et. seq.* The payments continued for some 30 years.

As a recipient of compensation under the act, Mr. Moore was required to complete a questionnaire every year for the Department of Labor. The questionnaire, known as "form 1032," elicited information which the Department told Mr. Moore would be used to decide whether he was entitled to continue receiving benefits or whether the benefits should be adjusted.

Part A of the questionnaire, captioned "Employment," contained instructions that could reasonably be read as calling for disclosure of both paid and unpaid employment. In addition to being told to report "employment for which you received a salary, wages, income, sales commissions, piecework, or payment of any kind," the respondent was instructed to report, among other things, all "involvement in business enterprises" and to report a "rate of pay" in this connection that was not dependent upon the receipt of any remuneration: "If you performed any duties in any business enterprise for which you were not paid," the instructions said, "you must show as rate of pay what it would have cost the employer or organization to hire someone to perform the work or duties you did . . . ."

In each of the questionnaires that he filed with the Department of Labor annually between 1995 and 2000, Mr. Moore reported in response to separate questions that he had not worked for any employer during the past 15 months and had not been "involved in any business enterprise" during the reporting period. The "rate of pay" lines for both questions were left blank.

An investigation by postal inspectors led to the discovery of evidence that Mr. Moore had in fact been actively involved in a restaurant and banquet facility operation conducted by an Elks lodge of which he was a trustee. Although it was not shown at trial that Mr. Moore was paid for the work he did, the evidence did indicate that he functioned as "acting manager" of the operation and performed a variety of duties that included supervising restaurant personnel and arranging banquet hall rentals. Operation of a restaurant business is one of the examples of "involvement in business enterprises" given in the form 1032 instructions.

The district court submitted the case to the jury under instructions that have not been challenged here. After the jury returned its verdict of guilty, the district court denied a timely motion for a judgment of acquittal under Fed.R.Crim.P. 29(c). Sentenced to imprisonment for a term of one year and a day, Mr. Moore has appealed the conviction.

## II

A conviction for mail fraud under 18 U.S.C. § 1341 must be supported by proof of the following: (1) a scheme to defraud; (2) the mailing of material for the purpose of executing the scheme; (3) an intent to defraud; and (4) materiality of the falsehood. *United States v. Stull,* 743 F.2d 439, 441–442 (6th Cir.1984), *cert. denied,* 470 U.S. 1062, 105 S.Ct. 1779, 84 L.Ed.2d 838 (1985); *Neder v. United States,* 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). A conviction for making false statements to obtain federal employee compensation under 18 U.S.C. § 1920 requires the government to prove: (1) that the defendant knowingly and willingly falsified, concealed, or covered up a material fact or made a false, fictitious or fraudulent statement or representation, (2) in an effort to receive federal employee compensation.

On appeal, Mr. Moore claims error in two respects. First, he argues that there was no proof that he made any false or fraudulent statements on his form 1032 questionnaires because there was no proof of employment for which he received any pay. Second, he argues that even if he did make false or fraudulent statements, they were not material because the Department of Labor relies solely on doctors' opinions in determining eligibility for disability benefits. Both arguments turn on the legal sufficiency of the evidence, and not on its weight.

■ We are required to reverse a conviction because of insufficient evidence "only if the evidence is such that a reasonable mind could not find guilt beyond a reasonable doubt." *Stull,* 743 F.2d at 442 (citing *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). When applying this standard, we must "view the evidence in the light most favorable to the prosecution" and give "the government the benefit of all inferences that could reasonably be drawn from the testimony." *United States v. M/G Transport Services Inc.,* 173 F.3d 584, 589 (6th Cir.1999).

■ Both counts of the indictment against Mr. Moore require proof of a false or fraudulent statement or omission. The standard for determining whether such proof has been presented is not a "technical" one, but is "a reflection of moral uprightness, fundamental honesty, fair play and right dealing in the general and business life of members of society." *United States v. Van Dyke,* 605 F.2d 220, 225 (6th Cir.1979). What is required is a showing of "some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *Id.*

■ Mr. Moore contends that the representations he made on his Labor Department questionnaires were truthful because he drew no pay from the Elks Lodge. The government's strongest argument to the contrary is that the representations regarding "involvement in business enterprises" were false because the form 1032 instructions indicate that work in any business enterprise must be reported even if the work was performed without pay. We are constrained to conclude that the latter argument is correct. The draftsmanship of form 1032 is distressingly sloppy, but it seems to us that a person of ordinary prudence and comprehension would read the relevant portions of the form as requiring disclosure of Mr. Moore's unpaid involvement in the restaurant and banquet facility business.

Both 18 U.S.C. § 1341 and 18 U.S.C. § 1920 require that the false or fraudulent statement be material. A statement is material if it has a natural tendency to influence or is capable of influencing the decision-maker to which it is addressed. *United States v. Gaudin,* 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). We conclude that the testimony of Brian Pifer, a claims examiner for the Department of Labor, provided sufficient evidence of materiality in the case at bar. Pifer testified that a claimant's answers on form 1032 influence the Department of Labor's compensation determinations because they affect the presentation made to the Department's examining physicians.

**AFFIRMED.**