**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 11a0272n.06**

**No. 10-3992**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 28, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Southern |
| LAWRENCE E. WALDREN, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      BATCHELDER, Chief Judge; and BOGGS and WHITE, Circuit Judges.

PER CURIAM.   Lawrence Waldren appeals his conviction and sentence for making a false statement to obtain federal worker's compensation, in violation of 18 U.S.C. § 1920.  He argues that 1) the evidence was insufficient to convict him; 2) the district court erred in omitting an essential element of the crime from the jury instructions; and 3) the district court erred in calculating restitution.  We affirm with respect to Waldren's conviction, but remand for the district court to recalculate the amount of restitution owed.

**I**

In the 1980s and 1990s, Waldren owned and operated a hunting supply store in Newark, Ohio.  In 2002, however, he was hired by the Transportation Safety Administration ("TSA") and turned the store over to his sons.  The firearms license remained in his name.  In 2005, Waldren suffered a disabling hip injury while working for TSA and sought federal worker's compensation.

As part of that process, he was required to fill out a number of forms asking, among other things, whether he had worked outside of his federal job. He answered in the negative, and began receiving federal benefits. Waldren was also required to submit periodic updates so that the government could determine whether he was still entitled to benefits and in what amount. On all of these forms—from 2006 until 2008—Waldren again indicated that he had not been working, self-employed, or otherwise involved with any business enterprises.

Unfortunately, that was not entirely true. During this period of disability, Waldren had been coming in to his family's hunting supply store and assisting in its day-to-day operations. For example, Waldren helped clients and represented himself as the owner of the store. Undercover federal agents began to investigate his activities, and eventually he was arrested. A one-count indictment charged Waldren with knowingly and willfully making a materially false, fictitious, or fraudulent statement in connection with the application for and receipt of federal work injury compensation.

Waldren went to trial, where the testimony made clear that he received no remuneration for his activities at the store and the government never contended that he was not disabled. However, it was also clear that his activities at the store should have been disclosed to the federal government. The jury found Waldren guilty. At sentencing, the district court imposed a prison term of 12 months and 1 day, followed by 3 years of supervised release. In addition, Waldren was ordered to pay $148,160.92 in restitution—the total amount he had received in worker's compensation benefits. Waldren timely appealed both his conviction and his sentence.

**II**

The first issue Waldren raises is whether the evidence presented at trial was sufficient for the jury to convict him of violating 18 U.S.C. § 1920. Because Waldren did not preserve this claim in the district court, our review is limited to determining whether the trial resulted in a "'manifest miscarriage of justice.'" *United States v. Williams*, 612 F.3d 417, 423 (6th Cir. 2010) (quoting *United States v. Khalil*, 279 F.3d 358, 368 (6th Cir. 2002)). For this claim to succeed, the record must be devoid of evidence of guilt. *Ibid.* (citing *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998)). In this case, it is not.

For a defendant to be convicted of making a false statement in violation of 18 U.S.C. § 1920, the government must prove "(1) that the defendant knowingly and willingly . . . made a false, fictitious or fraudulent statement or representation, (2) in an effort to receive federal employee compensation." *United States v. Moore*, 29 F. App'x 222, 224 (6th Cir. 2002). The statement must also be material.[1] *Id.* at 225. "A statement is material if it has a natural tendency to influence or is capable of influencing the decision-maker to which it is addressed." *Ibid.* (citing *United States v. Gaudin*, 515 U.S. 506, 509 (1995)).

---

[1]Section 1920 does not explicitly require the false statement to be "material." 18 U.S.C. § 1920. However, the language and structure of § 1920 mirror the pre-amendment version of 18 U.S.C. § 1001 that we considered in *United States v. Steele*, 933 F.2d 1313 (6th Cir. 1991) (en banc). There, we noted that "[a] literal application of this statute requires . . . a finding of a 'statement' in the second and third clauses with no requirement of materiality." 933 F.2d at 1318. We held that, "[i]n keeping with prior caselaw, we choose to read the requirement of materiality into all of the clauses so as to exclude trivial falsehoods from the purview of the statute." *Ibid.* The logic we employed in *Steele* applies to § 1920, and the government is therefore required to prove that the false statement made to obtain worker's compensation benefits was material.

Waldren claims that the government presented no evidence that his false statements were material, and that there was therefore insufficient evidence to sustain the conviction. This argument ignores pertinent evidence introduced at trial. Waldren's rehabilitation counselor, Janice Gruhn, testified that had she known that Waldren was still working at his family's store, it would have affected how she set his rehabilitation goals. A Department of Labor claims examiner testified that Waldren's activities would have been of interest because they indicate that Waldren still had skills that might be applicable in other jobs. Thus, the record is not devoid of evidence that Waldren's false statements were capable of influencing the Department of Labor, and this claim fails.

Waldren also claims that the government provided no evidence that he obtained worker's compensation as a result of his false statements. He asserts that the government was required to prove a "causal link" between his statements and the benefits he obtained. *See United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004). *Hurn* addressed a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and is distinguishable from Waldren's insufficiency argument. Moreover, even if *Hurn* were applicable, the government's evidence of materiality in this case was sufficient for a reasonable jury to conclude that a causal link existed between Waldren's false statements and the benefits he received.

### III

Waldren next claims that the jury instructions in his case were so defective that a new trial is required. Because he did not preserve this claim by objecting to the instructions, however, we review for plain error. *United States v. McGhee*, 119 F.3d 422, 423-24 (6th Cir. 1997). This is a demanding standard. A claim of plain error must demonstrate: "(1) error (2) that was obvious or

clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks omitted). "In determining the adequacy of a jury instruction, the instruction must be viewed in its entirety, and a misstatement in one part of the charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner." *United States v. Nelson*, 27 F.3d 199, 202 (6th Cir. 1994) (internal quotation marks omitted).

Waldren alleges that the district court committed plain error by omitting the element of materiality from the jury instructions, while the government counters that materiality was submitted to the jury in another part of the instructions. The instructions at issue were certainly imperfect. The court left out the term "material" when reading the indictment to the jury. When instructing on the essential elements of a § 1920 violation, the court followed Sixth Circuit Pattern Criminal Jury Instruction 13.02, but omitted "that the statement was material." However, immediately after reading the elements, the district court followed-up with an explanation of what would constitute a "material" statement.

If materiality had not been mentioned at all, reversal would probably be appropriate, even under plain-error review. The Supreme Court has held that where materiality is an essential element of the offense and is removed from consideration by the jury, the district court commits an error that is obvious or clear. *Johnson v. United States*, 520 U.S. 461, 467-68 (1997). Further, because the evidence of materiality in this case was scant and contested, the omission arguably affected Waldren's substantial rights and affected the fairness of the judicial proceedings. However, under

the facts of this case, we agree with the government that because materiality was defined in conjunction with the court's discussion of the essential elements of the crime, the jury instructions were sufficient to put the issue of materiality before the jury. Therefore, the error in this case was not so clear that the district court was "derelict in countenancing it," *Vonner*, 516 F.3d at 386, and no plain error occurred.

Waldren makes two other challenges to the jury instructions, but neither requires reversal. He argues that the jury should have been instructed on the federal regulations governing non-remunerative work. However, the jury did not need to understand these regulations to assess whether Waldren committed the essential elements of a violation of 18 U.S.C. § 1920, and therefore a lack of instruction on this point was not error. Waldren also argues that the district court's instruction on deliberate ignorance was plain error because it led the jury to conclude that he was self-employed. The language at issue is:

> If you are convinced that the defendant deliberately ignored a high probability that he was an owner of or employed by Waldren's Hunting Supplies, then you may find that he knew that he was self-employed and not unemployed when he applied for and received federal work injury compensation, benefits, and payments.

This instruction closely followed Sixth Circuit Pattern Criminal Jury Instruction 2.09. *See United States v. Damra*, 621 F.3d 474, 499 (6th Cir. 2010) ("We regularly look to whether jury instructions mirror or track the pattern instructions as one factor in determining whether any particular instruction is misleading or erroneous."). Although we have acknowledged that even pattern jury instructions may sometimes be confusing in combination with other factors in the case, *see United States v. Larch*, 399 F. App'x 50, 55-56 (6th Cir. 2010), that is simply not the case here. Reading the

instructions in their entirety, the court's deliberate ignorance instruction only concerned Waldren's knowledge, was appropriate given the facts of his case, and did not mislead the jury.

**IV**

Finally, Waldren argues that the district court erred in its Guidelines calculation with respect to the amount of loss. We agree, and remand for recalculation and resentencing.

The loss in this case was calculated as the sum of all payments Waldren received, with the district court's dismissing as speculative Waldren's argument that he was legitimately disabled and thus would have been entitled to some benefits had he told the truth on the forms. However, the court's calculation conflicts with our decision in *United States v. Boring*, 557 F.3d 707, 713-14 (6th Cir. 2009). In that case, a federal employee fraudulently remained on worker's compensation for longer than his disability actually continued. We held that "the restitution award should be equal to the total amount Boring received minus the amount he received when he was legitimately recovering from his surgeries and unable to work." 557 F.3d at 713. That was true even assuming the defendant's entire period of recovery was tainted by fraud. *Ibid.* The rationale behind this decision was that restitution must account for loss that was actually *caused* by the defendant's false statements. The government's argument in this case—that Waldren should forfeit the entirety of his benefits—is accordingly foreclosed, as his case is not meaningfully distinguishable from *Boring*. The proper loss calculation should take into account the benefits Waldren actually received, offset by what he would have received had he been honest. The record indicates that the Department of Labor would have structured his recovery program differently, and the government is free to make that argument on remand. When the loss figure is recalculated, the district court may also need to

recalculate the advisory Guidelines range to the extent that Waldren's offense level was impacted by an erroneous loss calculation.

**V**

For these reasons, Waldren's conviction is AFFIRMED, but we REMAND his sentence to the district court in order to recalculate the government's loss.

No. 10-3992
*United States v. Waldren*

**HELENE N. WHITE, Circuit Judge**, concurring in part and dissenting in part. I concur in all respects except as to the instructional error, which I conclude was plain, affected Waldren's substantial rights, and jeopardized the integrity of the proceeding.

To be sure, 18 U.S.C. § 1920's language does not include materiality in its statement of the three ways the statute may be violated. However, as the majority recognizes (Maj. Op. at 3 n.1), this court has held that materiality is an essential element of § 1920, *see United States v. Moore*, 29 F. App'x 222, 225 (6th Cir. 2002) (18 U.S.C. § 1920 "require[s] that the false or fraudulent statement be material"),[2] and the indictment expressly charged Waldren with making at least one *materially* false statement. Further, where materiality is an essential element of a false-statement offense, the issue of materiality must be submitted to the jury. *United States v. Gaudin*, 515 U.S. 506, 509 (1995).

The Sixth Circuit Pattern Jury Instructions do not address § 1920, but do address 18 U.S.C. § 1001, in Chapter 13, which is entitled "False Statements to the United States Government." Instruction 13.02 requires the jury to find that the Government proved beyond a reasonable doubt that the false statement or representation was "material."

---

[2]*Moore* is unpublished, but published authority supports reading the requirement of materiality into the various ways of violating § 1920. *See United States v. Steele*, 933 F.2d 1313, 1318-19 (6th Cir. 1991) (en banc) (reading requirement of materiality into three ways of violating 18 U.S.C. § 1001, because failure to do so would result in "trivial falsehoods" falling within statute's purview). The similar structure of § 1001 and § 1920 support that materiality should be read into all three portions of § 1920.

The Government's proposed jury instructions omitted materiality as an essential element of the offense. The district court not only failed to instruct the jury that materiality was an essential element of the offense, but also omitted the term "materially" from its various summaries and

readings of the indictment to the jury.[3]  After instructing on the elements of the offense, omitting

---

[3]The terms the district court omitted are bracketed and overstruck.

[Initial jury instructions:]

Let me tell you a bit about this case.  This is a criminal case.  The defendant, Lawrence E. Waldren, has been charged in a one count indictment.  The indictment in this case alleges that the defendant made at least one [~~materially~~] false statement to obtain federal employees' compensation.  The government, through the indictment, alleges that during the period on or before May 29th, 2005 through September 12th, 2008, and thereafter . .  The defendant . . . knowingly and willfully made at least one [~~materially~~] false, fictitious, and fraudulent statement and representation in connection with the application for and receipt of federal work injury compensation benefits and payments.

I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to whether [*sic*] the government has proved the crime charged.

[Instructions following closing arguments:]

The indictment in this case accuses the defendant of making at least one [~~materially~~] false statement to obtain federal employees' compensation.  The government alleges that during the period on or before May 29th, 2005 through September 12, 2008, and thereafter, in the Southern District of Ohio, in a matter within the jurisdiction of the [U.S. DOL], the defendant, Lawrence E. Waldren, knowingly and willfully made at least one [~~materially~~] false, fictitious, and fraudulent statement and representation in connection with the application for and receipt of federal work injury compensation, benefits, and payments.

Specifically, the defendant allegedly represented that he was unemployed and not self-employed or engaged in any type of business enterprise when, in fact, the defendant knew he was actively working and involved in his business, Waldren's Hunting Supplies, in Newark, Ohio.

. . . .     For you to find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt.

First, that the defendant made at least one [~~materially~~] false, fictitious, and fraudulent statement in connection with a matter of [*sic*] the jurisdiction of the [U.S. DOL], that

materiality, the court gave the jury a definition of "material fact."[4]

The majority recognizes that the omission of the materiality requirement from the instructions was error and that because the evidence of materiality in this case was scant and contested, the omission arguably affected Waldren's substantial rights and the fairness of the judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 463 (1997). It concludes, however, that the court's instruction defining "material fact" was sufficient to put the issue of materiality before the jury.

I respectfully disagree, and conclude that this recital did not cure the plain error of omitting materiality as an essential element of the offense. The instruction defining "material fact" was given in connection with and immediately after an instruction that false statements "include actual, direct false statements as well as half-truths and the knowing concealment of material facts." The definition did not state, nor even imply, that the jury must find that the false statement was material in order to convict. All the jury could have gleaned from the definition is that in order to convict on the basis of a knowing concealment of fact, the fact must be material. The instructional error

---

is, the application and receipt of federal work injury compensation, benefits, and payments; Second, that the defendant made such false, fictitious, and fraudulent statement knowingly and willfully;

[4]The district court continued:

Now, I will give you more detailed instructions on some of these terms.

. . . . A false or fictitious statement is a statement or assertion which is true when made or made with reckless indifference to the truth. False statements include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

. . . . A material fact is one that has a natural tendency to influence or is capable of influencing the decision of the [US DOL].

resulted in an essential element of the offense not being decided by the court or jury; given the scant evidence of materiality we cannot assume that the jury would have found the element satisfied if properly instructed. The plain error affected Waldren's substantial rights in that the issue of materiality was completely removed from the jury's deliberation and no other element of the offense was so similar to materiality that the jury would make factually equivalent findings. *United States v. McGhee*,119 F.3d 422, 424 (6th Cir. 1997); *see also United States v. Baumgardner*, 85 F.3d 1305, 1310 (8th Cir. 1996).

Under the circumstances that evidence of materiality was not overwhelming, the jury did not necessarily consider facts predicate to the finding of materiality, and Waldren argued below that his statements were not material in that his benefits would not have changed had he stated on the DOL forms that he was involved in a business enterprise, the district court's omission of the essential element of materiality affected Waldren's due process rights under the Fifth Amendment and his right to a jury determination of every element of the offense charged, and thus the integrity of the judicial proceedings was jeopardized, and the plain error warrants reversal under Fed. R. Crim. P. 52(b).