PER CURIAM.
Lawrence Waldren appeals his conviction and sentence for making a false statement to obtain federal worker’s compensation, in violation of 18 U.S.C. § 1920. He argues that 1) the evidence was insufficient to convict him; 2) the district court erred in omitting an essential element of the crime from the jury instructions; and 3) the district court erred in calculating restitution. We affirm with respect to Waldren’s conviction, but remand for the district court to recalculate the amount of restitution owed.
I
In the 1980s and 1990s, Waldren owned and operated a hunting supply store in Newark, Ohio. In 2002, however, he was hired by the Transportation Safety Administration (“TSA”) and turned the store over to his sons. The firearms license remained in his name. In 2005, Waldren suffered a disabling hip injury while working for TSA and sought federal worker’s compensation. As part of that process, he was required to fill out a number of forms asking, among other things, whether he had worked outside of his federal job. He answered in the negative, and began receiving federal benefits. Waldren was also required to submit periodic updates so that the government could determine whether he was still entitled to benefits and in what amount. On all of these forms — from 2006 until 2008 — Waldren again indicated that he had not been working, self-employed, or otherwise involved with any business enterprises.
Unfortunately, that was not entirely true. During this period of disability, *376 Waldren had been coming in to his family’s hunting supply store and assisting in its day-to-day operations. For example, Waldren helped clients and represented himself as the owner of the store. Undercover federal agents began to investigate his activities, and eventually he was arrested. A one-count indictment charged Waldren with knowingly and willfully making a materially false, fictitious, or fraudulent statement in connection with the application for and receipt of federal work injury compensation.
Waldren went to trial, where the testimony made clear that he received no remuneration for his activities at the store and the government never contended that he was not disabled. However, it was also clear that his activities at the store should have been disclosed to the federal government. The jury found Waldren guilty. At sentencing, the district court imposed a prison term of 12 months and 1 day, followed by 3 years of supervised release. In addition, Waldren was ordered to pay $148,160.92 in restitution — the total amount he had received in worker’s compensation benefits. Waldren timely appealed both his conviction and his sentence.
II
The first issue Waldren raises is whether the evidence presented at trial was sufficient for the jury to convict him of violating 18 U.S.C. § 1920. Because Waldren did not preserve this claim in the district court, our review is limited to determining whether the trial resulted in a “ ‘manifest miscarriage of justice.’ ” United States v. Williams, 612 F.3d 417, 423 (6th Cir.2010) (quoting United States v. Khalil, 279 F.3d 358, 368 (6th Cir.2002)). For this claim to succeed, the record must be devoid of evidence of guilt. Ibid. (citing United States v. Price, 134 F.3d 340, 350 (6th Cir.1998)). In this case, it is not.
For a defendant to be convicted of making a false statement in violation of 18 U.S.C. § 1920, the government must prove “(1) that the defendant knowingly and willingly ... made a false, fictitious or fraudulent statement or representation, (2) in an effort to receive federal employee compensation.” United States v. Moore, 29 Fed.Appx. 222, 224 (6th Cir.2002). The statement must also be material.[1] Id. at 225. “A statement is material if it has a natural tendency to influence or is capable of influencing the decision-maker to which it is addressed.” Ibid. (citing United States v. Gaudin, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)).
Waldren claims that the government presented no evidence that his false statements were material, and that there was therefore insufficient evidence to sustain the conviction. This argument ignores pertinent evidence introduced at trial. Waldren’s rehabilitation counselor, Janice Gruhn, testified that had she known that Waldren was still working at his family’s store, it would have affected how she set his rehabilitation goals. A Department *377 of Labor claims examiner testified that Waldren’s activities would have been of interest because they indicate that Waldren still had skills that might be applicable in other jobs. Thus, the record is not devoid of evidence that Waldren’s false statements were capable of influencing the Department of Labor, and this claim fails.
Waldren also claims that the government provided no evidence that he obtained worker’s compensation as a result of his false statements. He asserts that the government was required to prove a “causal link” between his statements and the benefits he obtained. See United States v. Hurn, 368 F.3d 1359, 1362 (11th Cir.2004). Hurn addressed a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and is distinguishable from Waldren’s insufficiency argument. Moreover, even if Hum were applicable, the government’s evidence of materiality in this case was sufficient for a reasonable jury to conclude that a causal link existed between Waldren’s false statements and the benefits he received.
Ill
Waldren next claims that the jury instructions in his case were so defective that a new trial is required. Because he did not preserve this claim by objecting to the instructions, however, we review for plain error. United States v. McGhee, 119 F.3d 422, 423-24 (6th Cir.1997). This is a demanding standard. A claim of plain error must demonstrate: “(1) error (2) that was obvious or clear, (3) that affected defendant’s substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.” United States v. Vonner, 516 F.3d 382, 386 (6th Cir.2008) (en banc) (internal quotation marks omitted). “In determining the adequacy of a jury instruction, the instruction must be viewed in its entirety, and a misstatement in one part of the charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner.” United States v. Nelson, 27 F.3d 199, 202 (6th Cir.1994) (internal quotation marks omitted).
Waldren alleges that the district court committed plain error by omitting the element of materiality from the jury instructions, while the government counters that materiality was submitted to the jury in another part of the instructions. The instructions at issue were certainly imperfect. The court left out the term “material” when reading the indictment to the jury. When instructing on the essential elements of a § 1920 violation, the court followed Sixth Circuit Pattern Criminal Jury Instruction 13.02, but omitted “that the statement was material.” However, immediately after reading the elements, the district court followed-up with an explanation of what would constitute a “material” statement.
If materiality had not been mentioned at all, reversal would probably be appropriate, even under plain-error review. The Supreme Court has held that where materiality is an essential element of the offense and is removed from consideration by the jury, the district court commits an error that is obvious or clear. Johnson v. United States, 520 U.S. 461, 467-68, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Further, because the evidence of materiality in this case was scant and contested, the omission arguably affected Waldren’s substantial rights and affected the fairness of the judicial proceedings. However, under the facts of this case, we agree with the government that because materiality was defined in conjunction with the court’s discussion of the essential elements of the crime, the jury instructions were sufficient to put the issue of materiality before the *378 jury. Therefore, the error in this case was not so clear that the district court was “derelict in countenancing it,” Vonner, 516 F.3d at 386, and no plain error occurred.
Waldren makes two other challenges to the jury instructions, but neither requires reversal. He argues that the jury should have been instructed on the federal regulations governing non-remunerative work. However, the jury did not need to understand these regulations to assess whether Waldren committed the essential elements of a violation of 18 U.S.C. § 1920, and therefore a lack of instruction on this point was not error. Waldren also argues that the district court’s instruction on deliberate ignorance was plain error because it led the jury to conclude that he was self-employed. The language at issue is:
If you are convinced that the defendant deliberately ignored a high probability that he was an owner of or employed by Waldren’s Hunting Supplies, then you may find that he knew that he was self-employed and not unemployed when he applied for and received federal work injury compensation, benefits, and payments.
This instruction closely followed Sixth Circuit Pattern Criminal Jury Instruction 2.09. See United States v. Damra, 621 F.3d 474, 499 (6th Cir.2010) (“We regularly look to whether jury instructions mirror or track the pattern instructions as one factor in determining whether any particular instruction is misleading or erroneous.”). Although we have acknowledged that even pattern jury instructions may sometimes be confusing in combination with other factors in the case, see United States v. Larch, 399 Fed.Appx. 50, 55-56 (6th Cir.2010), that is simply not the case here. Reading the instructions in their entirety, the court’s deliberate ignorance instruction only concerned Waldren’s knowledge, was appropriate given the facts of his case, and did not mislead the jury.
IV
Finally, Waldren argues that the district court erred in its Guidelines calculation with respect to the amount of loss. We agree, and remand for recalculation and resentencing.
The loss in this case was calculated as the sum of all payments Waldren received, with the district court’s dismissing as speculative Waldren’s argument that he was legitimately disabled and thus would have been entitled to some benefits had he told the truth on the forms. However, the court’s calculation conflicts with our decision in United States v. Boring, 557 F.3d 707, 713-14 (6th Cir.2009). In that case, a federal employee fraudulently remained on worker’s compensation for longer than his disability actually continued. We held that “the restitution award should be equal to the total amount Boring received minus the amount he received when he was legitimately recovering from his surgeries and unable to work.” 557 F.3d at 713. That was true even assuming the defendant’s entire period of recovery was tainted by fraud. Ibid. The rationale behind this decision was that restitution must account for loss that was actually caused by the defendant’s false statements. The government’s argument in this case — that Waldren should forfeit the entirety of his benefits— is accordingly foreclosed, as his case is not meaningfully distinguishable from Boring. The proper loss calculation should take into account the benefits Waldren actually received, offset by what he would have received had he been honest. The record indicates that the Department of Labor would have structured his recovery program differently, and the government is free to make that argument on remand. When the loss figure is recalculated, the *379 district court may also need to recalculate the advisory Guidelines range to the extent that Waldren’s offense level was impacted by an erroneous loss calculation.
V
For these reasons, Waldren’s conviction is AFFIRMED, but we REMAND his sentence to the district court in order to recalculate the government’s loss.

. Section 1920 does not explicitly require the false statement to be '‘material.” 18 U.S.C. § 1920. However, the language and structure of § 1920 mirror the pre-amendment version of 18 U.S.C. § 1001 that we considered in United States v. Steele, 933 F.2d 1313 (6th Cir.1991) (en banc). There, we noted that ‘‘[a] literal application of this statute requires ... a finding of a ‘statement’ in the second and third clauses with no requirement of materiality.” 933 F.2d at 1318. We held that, "[i]n keeping with prior caselaw, we choose to read the requirement of materiality into all of the clauses so as to exclude trivial falsehoods from the purview of the statute.” Ibid. The logic we employed in Steele applies to § 1920, and the government is therefore required to prove that the false statement made to obtain worker’s compensation benefits was material.