HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I concur in all respects except as to the instructional error, which I conclude was plain, affected Waldren’s substantial rights, and jeopardized the integrity of the proceeding.
To be sure, 18 U.S.C. § 1920’s language does not include materiality in its statement of the three ways the statute may be violated. However, as the majority recognizes (Maj. Op. at 3 n. 1), this court has held that materiality is an essential element of § 1920, see United States v. Moore, 29 Fed.Appx. 222, 225 (6th Cir.2002) (18 U.S.C. § 1920 “required] that the false or fraudulent statement be material”),[2] and the indictment expressly charged Waldren with making at least one materially false statement. Further, where materiality is an essential element of a false-statement offense, the issue of materiality must be submitted to the jury. United States v. Gaudin, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).
The Sixth Circuit Pattern Jury Instructions do not address § 1920, but do address 18 U.S.C. § 1001, in Chapter 13, which is entitled “False Statements to the United States Government.” Instruction 13.02 requires the jury to find that the Government proved beyond a reasonable doubt that the false statement or representation was “material.”
The Government’s proposed jury instructions omitted materiality as an essential element of the offense. The district court not only failed to instruct the jury that materiality was an essential element of the offense, but also omitted the term “materially” from its various summaries and readings of the indictment to the jury.[3] *380 After instructing on the elements of the offense, omitting materiality, the court gave the jury a definition of “material fact.”[4]
The majority recognizes that the omission of the materiality requirement from the instructions was error and that because the evidence of materiality in this case was scant and contested, the omission arguably affected Waldren’s substantial rights and the.fairness of the judicial proceedings. See Johnson v. United States, 520 U.S. 461, 463, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). It concludes, however, that the court’s instruction defining “material fact” was sufficient to put the issue of materiality before the jury.
I respectfully disagree, and conclude that this recital did not cure the plain error of omitting materiality as an essential element of the offense. The instruction defining “material fact” was given in connection with and immediately after an instruction that false statements “include actual, direct false statements as well as half-truths and the knowing concealment of material facts.” The definition did not state, nor even imply, that the jury must find that the false statement was material in order to convict. All the jury could have gleaned from the definition is that in order to convict on the basis of a knowing concealment of fact, the fact must be material. The instructional error resulted in an essential element of the offense not being decided by the court or jury; given the scant evidence of materiality we cannot assume that the jury would have found the element satisfied if properly instructed. The plain error affected Waldren’s substantial rights in that the issue of materiality was completely removed from the jury’s deliberation and no other element of the offense was so similar to materiality that the jury would make factually equivalent findings. United States v. McGhee, 119 F.3d 422, 424 (6th Cir.1997); see also United States v. Baumgardner, 85 F.3d 1305, 1310 (8th Cir.1996).
Under the circumstances that evidence of materiality was not overwhelming, the jury did not necessarily consider facts predicate to the finding of materiality, and Waldren argued below that his statements were not material in that his benefits *381 would not have changed had he stated on the DOL forms that he was involved in a business enterprise, the district court’s omission of the essential element of materiality affected Waldren’s due process rights under the Fifth Amendment and his right to a jury determination of every element of the offense charged, and thus the integrity of the judicial proceedings was jeopardized, and the plain error warrants reversal under Fed.R.Crim.P. 52(b).

. Moore is unpublished, but published authority supports reading the requirement of materiality into the various ways of violating § 1920. See United States v. Steele, 933 F.2d 1313, 1318-19 (6th Cir.1991) (en banc) (reading requirement of materiality into three ways of violating 18 U.S.C. § 1001, because failure to do so would result in "trivial falsehoods” falling within statute’s purview). The similar structure of § 1001 and § 1920 support that materiality should be read into all three portions of § 1920.

. The terms the district court omitted are bracketed and overstruck.
[Initial jury instructions:]
Let me tell you a bit about this case. This is a criminal case. The defendant, Lawrence E. Waldren, has been charged in a one count indictment. The indictment in this case alleges that the defendant made at least one [materially] false statement to obtain federal employees' compensation. The government, through the indictment, alleges that during the period on or before May 29th, 2005 through September 12th, 2008, and thereafter ... The defendant ... knowingly and willfully made at least one [materially] false, fictitious, and fraudulent statement and representation in connection with the application for and receipt of federal work injury compensation benefits and payments.
I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to whether [sic] the government has proved the crime charged.
[Instructions following closing arguments:] The indictment in this case accuses the defendant of making at least one [materially] false statement to obtain federal employees’ compensation. The government alleges that during the period on or before May 29th, 2005 through September 12, 2008, and thereafter, in the Southern District of
*380 Ohio, in a matter within the jurisdiction of the [U.S. DOL], the defendant, Lawrence E. Waldren, knowingly and willfully made at least one [materially] false, fictitious, and fraudulent statement and representation in connection with the application for and receipt of federal work injury compensation, benefits, and payments.
Specifically, the defendant allegedly represented that he was unemployed and not self-employed or engaged in any type of business enterprise when, in fact, the defendant knew he was actively working and involved in his business, Waldren’s Hunting Supplies, in Newark, Ohio.
.... For you to find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt.
First, that the defendant made at least one [materially] false, fictitious, and fraudulent statement in connection with a matter of [sic ] the jurisdiction of the [U.S. DOL], that is, the application and receipt of federal work injury compensation, benefits, and payments; Second, that the defendant made such false, fictitious, and fraudulent statement knowingly and willfully;

. The district court continued;
Now, I will give you more detailed instructions on some of these terms.
.... A false or fictitious statement is a statement or assertion which is true when made or made with reckless indifference to the truth. False statements include actual, direct false statements as well as half-truths and the knowing concealment of material facts.
.... A material fact is one that has a natural tendency to influence or is capable of influencing the decision of the [U.S. DOL].