# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1826
_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Jon Evers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: March 16, 2018
Filed: April 25, 2018
[Unpublished]
_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Appellant Patrick Evers was an employee of the United States Postal Service (Postal Service) who began receiving workers compensation benefits after a back injury in 2010. The Postal Service eventually became suspicious of Evers' workers compensation eligibility, and the Postal Service Office of Inspector General (OIG) initiated an investigation. An OIG investigator posed as a Postal Service vocational

rehabilitation counselor and interviewed Evers with the stated purpose of determining whether he could ever return to work or be eligible for vocational rehabilitation. During this taped "ruse interview," Evers made a number of statements describing his weightlifting habits. During a subsequent seven hour interview by OIG investigators, Evers admitted that he had not told the truth about his weightlifting routine during the ruse interview.

A jury convicted Evers of one felony count of making false statements to obtain federal employees compensation, 18 U.S.C. § 1920. The district court[1] rejected Evers' challenge to the sufficiency of the evidence and denied his motion to suppress the confession he made to OIG investigators. Evers appeals.

First, Evers argues that there was insufficient evidence to support his conviction because his false statements were not "material," and even if they had been, they had not caused a loss of more than $1,000. We review sufficiency of the evidence de novo, viewing the evidence "in the light most favorable to the government . . . [,] accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Johnson, 519 F.3d 816, 821 (8th Cir. 2008) (citation omitted).

The elements of the felony crime of making false statements to obtain federal workers compensation are: (1) knowingly and willfully making a false statement of fact or concealing or covering up a fact; (2) that is material; (3) made in connection with an application for or receipt of workers compensation benefits; (4) in excess of $1,000. § 1920. "[I]f the amount of the benefits falsely obtained does not exceed $1,000," the crime is a misdemeanor. Id. A false statement is material if, "viewed alone," it has "a natural tendency to influence, or [be] capable of influencing, the

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

decision of the decisionmaking body to which it was addressed." United States v. Whitaker, 848 F.2d 914, 916 (8th Cir. 1988) (first quotation); United States v. Gaudin, 515 U.S. 506, 509 (1995) (citation omitted) (second quotation). "Materiality does not require proof that the government actually relied on the statement." United States v. Baker, 200 F.3d 558, 561 (8th Cir. 2000). "A false statement can be material even if the agent to whom it is made knows that it is false." Whitaker, 848 F.2d at 916.

We conclude a reasonable jury could have found Evers' false statements to be material. The OIG investigator who conducted the ruse interview testified that if Evers had been honest during the interview, she would have taken steps to help him get back to work which would have led to a curtailment of his workers compensation benefits. See, e.g., United States v. Slaton, 801 F.3d 1308, 1315 (11th Cir. 2015) (upholding a jury verdict based on false statements made to an OIG investigator during a ruse interview). Additionally, the Department of Labor (DOL) claims examiner assigned to the Evers case testified that the extent of Evers' weightlifting would have been relevant to the determination of whether he was eligible for workers compensation. See, e.g., United States v. Waldren, 431 F. App'x 374, 376-77 (6th Cir. 2011) (concluding there was evidence of materiality when a DOL claims examiner testified that the applicant's activities would have been relevant because they indicated he had skills applicable to other jobs). The evidence was sufficient to support the jury verdict as to materiality.

There was also sufficient evidence that Evers' false statements caused a loss greater than $1,000. After the ruse interview, Evers received tens of thousands of dollars in workers compensation benefits. We conclude the jury could have reasonably concluded that if Evers had not lied during the ruse interview, he could have returned to work in some capacity and would not have continued to receive benefits well in excess of $1,000.

Second, Evers argues the district court erred by denying his motion to suppress his confession, which he argues was involuntary. "Where a court denies a motion to suppress statements, we review its factfinding under a clearly erroneous standard . . . . [and] the court's application of law to those facts de novo." United States v. Jones, 275 F.3d 673, 678 (8th Cir. 2001). "We will affirm the district court's denial of a motion to suppress evidence unless it is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear that a mistake was made." Id. at 678-79.

Involuntary statements are inadmissible at trial for any purpose. Michigan v. Harvey, 494 U.S. 344, 351 (1990). A statements is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973) (citation omitted). In a non-custodial interview, a statement is involuntary when, based on the totality of the circumstances, "it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004) (en banc) (citation omitted). To determine whether a statement was involuntary, "[t]he court must look at the 'conduct of the officers and the characteristics of the accused.'" Id. (citation omitted). The government must prove by a preponderance of the evidence that a challenged statement was voluntary. Id.

The district court did not clearly err in concluding that Evers' confession was voluntary. It was not clear error to conclude Evers was not particularly susceptible to having his will overborne—he is 53 years old, a high school graduate, literate and understands English, and has no issues with mental faculties. Nor was it clear error to conclude the investigators' activities were not coercive or overreaching. Although the interview took many hours, Evers drove himself to it and received and initialed a Garrity warning. See Simmons v. Bowersox, 235 F.3d 1124, 1133 (8th Cir. 2001) ("Questioning a suspect for six or seven hours is not unconstitutionally coercive per

-4-

se."). By his own account, Evers felt free to leave the conference room but remained for "damage control." Investigators never displayed weapons or handcuffs and did not block the door. Instead, they told Evers he could leave at any time and would not be arrested at the end of the interview. Evers was offered food, water, and breaks. He described the tone of the interview as "cordial." Thus it was not clear error to deny his motion to suppress his confession.

We affirm.

_____